IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEJON PARIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:26-cv-01553-G |
| | § | |
| TRANS UNION LLC, SPRING OAKS | § | |
| CAPITAL LLC, ARCON CREDIT | § | |
| SOLUTIONS, and RADIUS GLOBAL | § | |
| SOLUTIONS LLC, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT, RADIUS GLOBAL SOLUTIONS LLC'S,
FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT**

Defendant, Radius Global Solutions LLC ("RGS"), through counsel and pursuant to the Federal Rules of Civil Procedure, hereby submits its First Amended Answer and Affirmative Defenses to the Complaint filed by plaintiff, Dejon Paris (plaintiff), and states:

**I.    DISCOVERY CONTROL PLAN**

1.    The allegations in ¶ 1 are not applicable under the Federal Rules of Civil Procedure; therefore, RGS denies the allegations in ¶ 1.

**II.    PARTIES, JURISDICTION, AND VENUE**

2.    Upon information and belief, RGS admits the allegations in ¶ 2.

3.    RGS denies the allegations in ¶ 3 for lack of knowledge or information sufficient to form a belief therein.

1

4.    RGS admits it is a debt collection company and that part of its business is the collection of debts owed or due to others. Except as specifically admitted, RGS denies the allegations in ¶ 3 for lack of knowledge or information sufficient to form a belief therein as it relates to Defendants Spring Oaks Capital, LLC and Arcon Credit Solutions.

5.    RGS admits jurisdiction and venue is proper in the United States District Court for the Northern District of Texas. Except as specifically admitted, RGS denies the allegations in ¶ 5 as calling for a legal conclusion.

## III.    FACTUAL ALLEGATIONS

6.    RGS denies the allegations in ¶ 6 for lack of knowledge or information sufficient to form a belief therein.

7.    RGS denies the allegations in ¶ 7 for lack of knowledge or information sufficient to form a belief therein.

8.    RGS denies the allegations in ¶ 8 for lack of knowledge or information sufficient to form a belief therein.

9.    RGS denies the allegations in ¶ 9 for lack of knowledge or information sufficient to form a belief therein.

10.    RGS denies the allegations in ¶ 10 for lack of knowledge or information sufficient to form a belief therein.

11.    RGS denies the allegations in ¶ 11 for lack of knowledge or information sufficient to form a belief therein.

12.    RGS denies the allegations in ¶ 12 for lack of knowledge or information sufficient to form a belief therein.

13.     The report speaks for itself and is the best evidence of its contents. Except as specifically admitted, RGS denies the allegations in ¶ 13.

14.     RGS admits it accessed plaintiff's consumer credit report in connection with the collection of a debt. Except as specifically admitted, RGS denies the remaining allegations in ¶ 14 for lack of knowledge or information sufficient to form a belief therein as it relates to Defendants Spring Oaks Capital, LLC and Arcon Credit Solutions.

15.     RGS denies the allegations in ¶ 15.

## IV.    CAUSES OF ACTION

### COUNT 1: Willful Violation of 15. U.S.C. § 1681g (TransUnion)

16.     The allegations in ¶ 16 are not directed towards RGS. To the extent a response is required, RGS denies the allegations in ¶ 16 for lack of knowledge or information sufficient to form a belief therein.

### COUNT 2: Violation of 15. U.S.C. § 1681b (Debt Collector Defendants)

17.     RGS denies the allegations in ¶ 17.

### COUNT 3: Violation of Tex. Bus. & Com. Code § 20.09 (TransUnion)

18.     The allegations in ¶ 18 are not directed towards RGS. To the extent a response is required, RGS denies the allegations in ¶ 18 for lack of knowledge or information sufficient to form a belief therein.

### COUNT 4: Violation FDCPA & Tex. Fin. Code § 392 (Debt Collector Defendants)

19.     RGS denies the allegations in ¶ 19.

## V.    DAMAGES

20.     RGS denies the allegations in ¶ 20.

21.     RGS denies the allegations in ¶ 21.

22.     RGS denies the allegations in ¶ 22.

## VI.    PRAYER FOR RELIEF

RGS denies the allegations in the unnumbered paragraph and further denies that plaintiff is entitled to the relief requested therein.

### RGS'S AFFIRMATIVE DEFENSES

1.      To the extent that any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

2.      RGS denies any liability; however, regardless of liability, plaintiff has suffered no actual damages as a result of RGS's purported violations.

3.      One or more claims asserted by plaintiff are barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands.

4.      Assuming that plaintiff suffered any damages, he has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

5.      Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than RGS and were beyond the control or supervision of RGS or for whom RGS was and is not responsible or liable.

6.      Part or all of Plaintiff's claims are barred by 15 U.S.C. § 1681h(e).

7.      Part or all of Plaintiff's claims are barred because the fault of the Plaintiff is equal to or greater than the alleged fault of RGS.

8.   Part or all of Plaintiff's claims are barred by Plaintiff's contributory negligence.

9.    Part or all of Plaintiff's claims are barred in accordance with 15 U.S.C. § 1681m(c) by RGS's reasonable procedures to ensure compliance with the FCRA.

10.    RGS's procurement of plaintiff's consumer credit report was authorized as the information was obtained in connection with the review or collection of an existing account involving plaintiff. Therefore, RGS maintained a valid, permissible purpose under the FCRA.

11.    Plaintiff has failed to state a claim against RGS upon which relief may be granted.

WHEREFORE, Defendant, Radius Global Solutions, LLC, respectfully requests the Court dismiss this action with prejudice and grant it any other relief the Court deems appropriate.

Respectfully Submitted,

*/s/ Whitney L. White*
Whitney L. White
Texas Bar No. 24075269
SESSIONS, ISRAEL & SHARTLE, LLC
5700 Granite Parkway, Suite 260
Plano, Texas 75024
Telephone: (214) 741-3001
Facsimile: (214) 741-3098
Email: wwhite@sessions.legal

*Attorney for Defendant,*
*Radius Global Solutions LLC*

5

6

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2026, a copy of the foregoing was electronically filed with the Clerk of the Court, United States District Court for the Northern District of Texas and served on all parties and counsel of record via CM/ECF. A copy has also been sent to the following:

*Via E-mail*
DeJon Paris
1710 Keller Parkway 9602
Keller, Texas 76248
Telephone: (813) 605-9789
Email: dejon.paris@gmail.com
*Plaintiff, Pro Se*

*/s/ Whitney L. White*
Whitney L. White