**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| DEJON PARIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:26-cv-01553-G-BN |
| | § | |
| TRANS UNION LLC, SPRING OAKS | § | |
| CAPITAL LLC, ARCON CREDIT | § | |
| SOLUTIONS, and RADIUS GLOBAL | § | |
| SOLUTIONS LLC, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT ARCON CREDIT SOLUTIONS, LLC'S**
**FIRST AMENDED ANSWER AND COUNTERCLAIM**

Defendant Arcon Credit Solutions, LLC ("Arcon") files this Answer to Plaintiff DeJon Paris's ("Plaintiff") Complaint. Except as hereinafter admitted, qualified, or otherwise answered, Arcon denies each and every allegation contained in Plaintiff's Complaint. Arcon denies any and all liability to Plaintiff under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*; Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"); the Texas Debt Collection Act, Tex. Fin. Code § 392.001, *et seq.* ("TDCA"); or any other statute, law, or theory in this matter.

**ANSWER**

**I.      DISCOVERY CONTROL PLAN**

1.      The allegations in Paragraph 1 are not applicable under the Federal Rules of Civil Procedure. Arcon therefore denies the allegations in Paragraph 1.

**II.      PARTIES, JURISDICTION, AND VENUE**

2.      Arcon lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 2.

3.     Arcon lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 3.

4.     The allegations in Paragraph 4 are conclusions of law to which no response is required. To the extent any response is required, Arcon denies the allegations.

5.     Arcon admits that jurisdiction and venue are proper in the United States District Court for the Northern District of Texas, Dallas Division. The remaining allegations in Paragraph 5 are conclusions of law to which no response is required. To the extent any response is required, Arcon denies the allegations.

## III.    FACTUAL ALLEGATIONS

6.     Arcon lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 6.

7.     Arcon lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 7.

8.     Arcon lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 8.

9.     Arcon lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 9.

10.     Arcon lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 10.

11.     Arcon lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 11.

12.     Arcon lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 12.

13.     Arcon lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 13.

14.     Arcon lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 14.

15.     Arcon lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 15.

## IV.     CAUSES OF ACTION

### COUNT 1: Willful Violation of 15 U.S.C. § 1681g (TransUnion)

16.     Arcon lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 16.

### COUNT 2: Violation of 15 U.S.C. § 1681b (Debt Collector Defendants)

17.     The allegations in Paragraph 17 are conclusions of law to which no response is required. To the extent any response is required, Arcon denies the allegations.

### COUNT 3: Violation of Tex. Bus. & Com. Code § 20.09 (TransUnion)

18.     Arcon lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 18.

### COUNT 4: Violation of FDCPA & Tex. Fin. Code § 392 (Debt Collector Defendants)

19.     Arcon denies the allegations in Paragraph 19.

## V.     DAMAGES

20.     Arcon denies the allegations in Paragraph 20.

21.     Arcon denies the allegations in Paragraph 21.

22.     Arcon denies the allegations in Paragraph 22.

**VI.    PRAYER FOR RELIEF**

23.    In response to Plaintiff's Prayer for Relief clause, including each subpart, Arcon denies that Plaintiff is entitled to any of the relief sought.

<u>**AFFIRMATIVE DEFENSES**</u>

1.    Plaintiff's Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against Arcon upon which relief can be granted.

2.    Plaintiff's claims are barred by the statute of limitations, laches, estoppel, waiver, and/or unclean hands.

3.    Plaintiff lacks standing to bring this action against Arcon.

4.    Any violation of the law (which Arcon denies) resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid the error.

5.    Plaintiff's alleged damages, if any, are the result of Plaintiff's own conduct and the conduct of others over whom Arcon has no control.

6.    Arcon's procurement of Plaintiff's consumer report was authorized as the information was obtained in connection with the review or collection of an existing account involving the consumer. Because the debt was outstanding and unsettled at the time of the inquiry, Arcon maintained a valid permissible purpose as a matter of law.

7.    Plaintiff's claims are barred because Plaintiff expressly or impliedly consented to the procurement of credit reports pursuant to the terms and conditions of the underlying credit agreement governing the account at issue.

8.    Plaintiff's recovery, if any, must be barred or reduced to the extent Plaintiff failed to exercise reasonable care and diligence to mitigate any alleged damages, including but not limited to failing to timely notify Arcon of any dispute regarding the inquiry.

9.      To the extent Plaintiff is entitled to any recovery, Arcon is entitled to a set-off in the amount of the underlying debt, interest, and fees owed by Plaintiff to Arcon which remained unpaid at the time of the alleged violation.

10.     Plaintiff's claims are barred by the doctrine of release. Pursuant to the Settlement Agreement and Release dated January 8, 2025 by and between Plaintiff and Absolute Resolutions Investments LLC ("ARI"), Plaintiff released and forever discharged ARI and its affiliates, including Arcon, from any and all claims, causes of action, and liabilities arising out of or relating to the subject account, which includes the credit inquiry at issue.

11.     Plaintiff's claims are barred by the doctrine of accord and satisfaction. The parties entered into a settlement intended to resolve all matters related to the Account, and Arcon has fulfilled its obligations under that agreement.

12.     Plaintiff is equitably estopped from asserting these claims. Plaintiff accepted the benefits of the settlement agreement with knowledge, or the means of obtaining knowledge, of the credit inquiry and cannot now challenge conduct that preceded the finality of that agreement.

13.     Plaintiff has waived the right to bring this action by entering into a comprehensive settlement agreement that did not exclude or reserve the specific claims asserted in the Complaint. Plaintiff's claims are barred by a covenant not to sue contained within the parties' agreement, wherein Plaintiff promised to refrain from instituting any legal proceedings against Arcon for conduct relating to the subject account.

14.     Arcon further incorporates by reference those affirmative defenses enumerated in Rule 8 of the Federal Rules of Civil Procedure as if fully set forth herein. Such defenses are incorporated by reference for the specific purpose of not waiving them, as they may be justified by the facts determined during discovery.

15.     Arcon reserves the right to raise any additional affirmative defenses under the applicable laws that become known, or which Arcon becomes aware of, during the course of discovery or investigation.

## COUNTERCLAIM

### I.     PARTIES

16.     Counter-Plaintiff Arcon Credit Solutions, LLC is a foreign limited liability company with its principal office located in Minnesota.

17.     Counter-Defendant DeJon Paris is an individual who has already appeared in this action and is before the Court for all purposes.

### II.     JURISDICTION AND VENUE

18.     This Court has jurisdiction over the parties and the subject matter of this Counterclaim as it arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim.

19.     This Court has supplemental jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1367(a) because the Counterclaim is so related to the claims asserted in the Complaint that they form part of the same case or controversy and arise out of a common nucleus of operative fact.

20.     Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the Counterclaim occurred in this District, and Plaintiff/Counter-Defendant has submitted to the jurisdiction of this Court by filing the initial action and its subsequent removal.

### III.     FACTUAL ALLEGATIONS

21.     On or about January 8, 2025, Counter-Plaintiff and Absolute Resolutions Investments LLC ("ARI") entered into a valid and enforceable written agreement (the "Settlement

6

Agreement") to resolve all disputes related to Counter-Defendant's account.

22.     As a material term of the Settlement Agreement, Counter-Defendant agreed to release and forever discharge ARI from any and all claims, known or unknown, arising out of or relating to the subject account. The released parties include ARI's "current and former predecessors, successors, parents, affiliates, subsidiaries, shareholders, franchisees, franchisors, insurers, and all of the aforementioned respective agents, employees, officers, directors, shareholders, attorneys, collection agencies, independent contractors, clients, and vendors . . . ."

23.     Counter-Plaintiff is as an affiliate of ARI and therefore, is a released party entitled to enforce the Settlement Agreement.

24.     Specifically, Section 4 of the Settlement Agreement provides that Counter-Defendant releases ARI and its affiliates "from all claims of any kind (including all claims for damages, interest, fees and/or attorneys' fees) through the Effective Date arising out of, based upon, or concerning the facts or violations alleged" in a lawsuit previously filed by Counter-Defendant against ARI relating to the subject account.

25.     The credit inquiry challenged in Counter-Defendant's Original Petition occurred on May 13, 2024, which preceded the execution of the Settlement Agreement. Accordingly, accordingly, the claim asserted in Counter-Defendant's Original Petition falls squarely within the scope of the release. The alleged credit inquiry arises out of the same subject account and occurred prior to the Effective Date, making it a claim that Counter-Defendant expressly agreed to waive.

26.     By filing and prosecuting claims that were unequivocally released, Counter-Defendant has materially breached the Settlement Agreement. The Agreement required Counter-Defendant to fully and finally relinquish any such claims in exchange for the consideration provided by ABC. Instead, Counter-Defendant filed the instant lawsuit, asserting claims that are

7

barred by the express terms of the Settlement Agreement.

## IV.    CAUSE OF ACTION

**BREACH OF CONTRACT**

27.    The Settlement Agreement is a valid, enforceable contract.

28.    Counter-Plaintiff is a proper party to sue for the breach of contract. Counter-Plaintiff performed, tendered performance, or was excused from performing its contractual obligations.

29.    Counter-Defendant breached the Settlement Agreement by filing and maintaining a lawsuit based on claims and conduct that were previously released.

30.    Counter-Plaintiff has been required to retain the services of the undersigned attorneys to prosecute this Counterclaim and defend against the underlying suit.

## V.    ATTORNEY'S FEES

31.    Pursuant to Section 16 of the Settlement Agreement and Texas Civil Practice & Remedies Code § 38.001, Counter-Plaintiff is entitled to recover its reasonable and necessary attorney's fees and costs from Counter-Defendant.

## VI.    PRAYER

WHEREFORE, Defendant/Counter-Plaintiff Arcon Credit Solutions LLC respectfully requests that Plaintiff/Counter-Defendant DeJon Paris take nothing by his suit on all claims asserted by Plaintiff/Counter-Defendant; that Plaintiff/Counter-Defendant be cited to appear and answer herein, and that on final trial, Defendant/Counter-Plaintiff have judgment against Plaintiff/Counter-Defendant for:

a. Actual damages in the amount of legal fees and costs incurred in the defense of the released claims;

b. Reasonable and necessary attorney's fees for the prosecution of this Counterclaim and defense of Plaintiff/Counter-Defendant's Complaint;

c.  Pre-judgment and post-judgment interest as provided by law;

d.  All costs of court herein; and

e.  Such other and further relief, at law or in equity, to which Defendant/Counter-Plaintiff may show itself justly entitled.

Respectfully submitted,

**BASSFORD REMELE**
*A Professional Association*

Dated: June 3, 2026                By:  */s/ Kimberly Dang*
                                   Kimberly Dang
                                   Texas Bar No. 24116246
                                   100 South 5th Street, Suite 1500
                                   Minneapolis, MN  55402
                                   Telephone: (612) 333-3000
                                   Facsimile: (612) 333-8829
                                   kdang@bassford.com

                                   ***Attorneys for Arcon Credit Solutions, LLC***

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing document to be filed electronically with the Clerk of Court utilizing the CM/ECF system. I further certify that the CM/ECF system will send notification of such filing to any counsel of record who are registered CM/ECF participants. I further certify that on June 3, 2026, I caused a true and correct copy of the foregoing document to be served upon the following non-CM/ECF participant via electronic mail by consent:

Dejon Paris
Plaintiff Pro Se
1710 Keller Parkway 9602
Keller, Texas 76248
dejon.paris@gmail.com

                                   */s/ Kimberly Dang*
                                   Kimberly Dang