

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | | |
|---|---|---|
| DEJON PARIS | § | |
| PLAINTIFF/ | § | |
| COUNTER-DEFENDANT, | § | |
| | | |
| v. | § | Case No: 3:26-cv-01553-G-BN |
| | § | |
| TRANS UNION LLC, SPRING OAKS | § | |
| CAPITAL LLC, ARCON CREDIT | § | |
| SOLUTIONS, and RADIUS GLOBAL | § | |
| SOLUTIONS, | § | |
| DEFENDANTS/ | | |
| COUNTER-PLAINTIFFS. | | |

---

## PLAINTIFF'S MOTION TO DISMISS ARCON CREDIT SOLUTIONS, LLC'S COUNTERCLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6)

---

Plaintiff/Counter-Defendant DeJon Paris ("Paris") respectfully moves to dismiss the Counterclaim filed by Defendant/Counter-Plaintiff Arcon Credit Solutions, LLC ("Arcon") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

1

**USE OF GENERATIVE ARTIFICIAL INTELLIGENCE**

Pursuant to Northern District of Texas Local Civil Rule 7.2(f) and the Standing Orders of this Court, Plaintiff/Counter-Defendant DeJon Paris discloses that generative artificial intelligence was used in the preparation of this brief. Plaintiff has independently verified the accuracy of all legal citations and factual assertions contained herein.

## I. INTRODUCTION

Arcon's Counterclaim for breach of contract is both procedurally defective and substantively frivolous. Arcon seeks to enforce a January 8, 2025 Settlement Agreement ("the Agreement"), alleging Paris released the Fair Credit Reporting Act (FCRA) claims brought in this current lawsuit. However, the Counterclaim fails on its face for two undeniable reasons:

1. Arcon materially breached the Agreement by filing suit exactly one day after sending a notice of default, blatantly ignoring the strict 30-day "right to cure" condition precedent explicitly mandated by Section 9 of the Agreement **(The Settlement Agreement is attached hereto as Exhibit A; the May 4, 2026 email from Arcon's counsel is attached hereto as Exhibit B)**.

2. The plain language of the Agreement's limited release (Section 4) only covers claims arising from a specific prior federal lawsuit. The unauthorized FCRA credit inquiry at issue in the current case was never alleged or litigated in that prior suit, making Arcon's breach of contract claim legally implausible.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When ruling on a 12(b)(6) motion, the Court may consider the complaint, its proper attachments, and documents attached to a motion to dismiss that are "referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Because Arcon's Counterclaim is entirely premised upon the January 8, 2025 Settlement Agreement, the Court may review the Agreement **(attached hereto as Exhibit A)** in its entirety without converting this motion into one for summary judgment.

## III. ARGUMENT

A. **Arcon Failed to Satisfy a Strict Contractual Condition Precedent Prior to Filing Suit.** Arcon's Counterclaim must be dismissed because Arcon failed to comply with the express notice-and-cure provision of the contract it seeks to enforce.

Section 9 of the Settlement Agreement states: *"In the event a Party alleges that another Party is in default of this Agreement, the alleging party shall send a written notice of default and right to cure... prior to initiating any civil or other action of any kind against that Party. The Party receiving the notice shall have thirty (30) days from the date of receipt to respond in writing or cure such default."* (Ex. A).

Arcon's counsel sent a written notice of default demanding dismissal on May 4, 2026. (Ex. B) Arcon then filed its Counterclaim in state court on May 5, 2026. Under Texas law, which governs the Agreement, failure to satisfy a condition precedent requiring notice and an opportunity to cure is fatal to a breach of contract claim. By affording Paris a mere 24 hours rather than the contractually mandated 30 days, Arcon breached its own agreement, rendering its Counterclaim premature and legally deficient.

B. **The Plain Language of the Release Precludes Arcon's Breach of Contract Claim.** Even if Arcon had satisfied the condition precedent, its Counterclaim fails substantively because the underlying conduct is unequivocally outside the scope of the release.

Arcon alleges in Paragraph 10 of its Counterclaim that the May 13, 2024 credit inquiry "falls squarely within the scope of the release." This is a misrepresentation of the contract. Section 4 of the Settlement Agreement strictly limits the release to claims *"arising out of, based upon, or concerning the facts or violations alleged in the Lawsuit"* (specifically defined as *DeJon Paris v. Absolute Resolutions Investments, LLC*, Case No. 3:24-mc-00026 in the Southern District of Texas).

The May 13, 2024 unauthorized FCRA credit pull conducted by Arcon was never alleged, litigated, or included in the aforementioned 2024 lawsuit against Absolute Resolutions Investments. A limited release resolving a specific FDCPA lawsuit does not grant blanket, prospective immunity for unrelated FCRA violations that were never pleaded. Because Paris did not release the claims currently before this Court, Paris did not breach the Agreement by filing suit, and Arcon's Counterclaim fails to state a plausible claim for relief.

5

## IV. CONCLUSION AND PRAYER

For the foregoing reasons, Plaintiff/Counter-Defendant DeJon Paris respectfully requests that the Court grant this Motion and dismiss Arcon Credit Solutions, LLC's Counterclaim with prejudice, and award Plaintiff any further relief to which he may be justly entitled.

Respectfully submitted,

/s/ DeJon Paris

**DeJon Paris**

1710 Keller Parkway Unit 9602

Keller, TX 76248

Phone: 813-605-9789

Email: dejon.paris@gmail.com

*Pro Se Plaintiff/Counter-Defendant*

6

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2026, a true and correct copy of the foregoing *Plaintiff's Motion to Dismiss Arcon Credit Solutions, LLC's Counterclaim* was served via electronic mail and/or first class mail upon counsel of record, including Kimberly Dang, counsel for Arcon Credit Solutions, LLC, at kdang@bassford.com.

/s/ DeJon Paris

**DeJon Paris**

# EXHIBIT A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE
### DATED JANUARY 8, 2025

This exhibit contains a true and correct copy of the January 8, 2025 Settlement Agreement between DeJon Paris and Absolute Resolutions Investments, LLC. It is attached to demonstrate the limited scope of the release and the mandatory 30-day right-to-cure provision located in Section 9.

CONFIDENTIAL

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is made and entered into as of the last date signed below ("Effective Date"), by and between Plaintiff DeJon Paris ("Plaintiff") and Defendant Absolute Resolutions Investments, LLC ("Defendant"), with regard to the matter referenced below. Plaintiff and Defendant may be referred to herein individually as a "Party" and collectively as "the Parties."

**WHEREAS**, Plaintiff filed a lawsuit against Defendant alleging violations of the Fair Debt Collection Practices Act and Regulation F, captioned as *DeJon Paris v. Absolute Resolutions Investments, LLC* Case No. 3:24-mc-00026 in the United States District Court for the Southern District of Texas (the "Lawsuit");

**WHEREAS**, Defendant expressly denies all liability alleged by Plaintiff in the Lawsuit and otherwise;

**WHEREAS**, the Parties wish to resolve the Lawsuit to avoid the burden, expense, and distraction of potentially protracted litigation; and

**NOW, THEREFORE**, in consideration of the foregoing, and of the promises contained herein, the Parties agree as follows:

1. **Consideration.** Defendant shall pay to Plaintiff the total sum of Five Hundred and NO/100 Dollars ($500.00), the Settlement Payment ("Settlement Payment") to be received within seven (7) days after the Effective Date or within seven (7) days after receipt of the applicable W-9. The Settlement Payment shall be made via check payable to ***"DeJon Paris" and sent to DeJon Paris, 800 FM 518 Rd. 5417, Kemah, TX 77565.*** Defendant agrees to cease collections on the alleged debt at issue, specifically the Webbank/Jasper account ending in 9362 and waive all and any alleged debt remaining. Defendant shall also request, within seven (7) days after the Effective Date or within seven (7) days after receipt of applicable W-9, the deletion of information they furnished, if any, to the consumer credit reporting agencies regarding the Account. Plaintiff understands Defendant can request the applicable credit reporting agencies to delete the information furnished by Defendant within seven (7) days after the Effective Date or within seven (7)

CONFIDENTIAL

days after receipt of applicable W-9, however, Defendant cannot guarantee that such request will be followed by the applicable credit reporting agencies.

2. **Dismissal of Lawsuit.** Within five (5) business days of receiving the Settlement Payment in full and confirmation that the deletion request has been submitted to each consumer reporting agency, Plaintiff shall cause the Lawsuit to be dismissed against Defendant with prejudice. Plaintiff shall cause all response deadlines and hearings scheduled before the Settlement Payment deadline to be continued until after the Settlement Payment deadline. In the event a default judgment has been entered against Defendant, Plaintiff shall set aside such judgment.

3. **Full Satisfaction.** Plaintiff agrees that the Settlement Payment is in full satisfaction of the Released Claims (as defined herein), and includes all attorney's fees and costs that Plaintiff may have incurred in connection with the Lawsuit.

4. **Plaintiff's General Release of Defendant and Covenant Not to Sue.** Plaintiff, on their behalf and on behalf of their heirs and assigns, hereby releases and discharges Defendant and its respective current and former predecessors, successors, parents, affiliates, subsidiaries, shareholders, franchisees, franchisors, insurers, and all of the aforementioned respective agents, employees, officers, directors, shareholders, attorneys, collection agencies, independent contractors, clients and vendors from all claims of any kind (including all claims for damages, interest, fees and/or attorneys' fees) existing through the Effective Date, arising out of, based upon, or concerning the facts or violations alleged in the Lawsuit (the "Released Claims").

Plaintiff further agrees to not file any claims, complaints, affidavits, arbitrations and/or proceedings with any court, arbitration forum, regulatory or administrative agency ("Proceedings") with respect to the matters released in this Agreement, and any Proceedings filed prior to the execution of this Agreement, if any, shall promptly be dismissed or withdrawn within five (5) business days of receiving the Settlement Payment in full and confirmation that the deletion request has been submitted to each consumer reporting agency. This Agreement is intended to resolve forever the entire disagreement between the Parties relating to the matters in the Lawsuit.

**CONFIDENTIAL**

The releases and covenant not to sue set forth in this paragraph shall apply equally to the Parties. , their representatives, agents, independent contractors, employees, officers, shareholders, directors, attorneys, insurers, sureties, guarantors, successors-in-interest, predecessors-in-interest, assigns, parents, subsidiaries, franchisors, franchisees, affiliates and other related entities, corporate or otherwise, all of which are intended as beneficiaries of this Agreement and entitled to enforce it.

5.    **Costs.** The Parties agree that they are responsible for their own attorney's fees, costs, and expenses incurred or to be incurred in connection with the Lawsuit and otherwise, and waive any claim to recover attorney's fees, costs, and/or expenses in connection with the resolution of the Lawsuit.

6.    **No Admission of Liability.** Each of the Parties understands and agrees that this Agreement, and the settlement provided for herein, is intended to compromise disputed claims and defenses, to avoid litigation and to buy peace, and that this Agreement and the settlement provided for herein shall not be construed or viewed as an admission by any Party of liability or wrongdoing, such liability being expressly denied. This Agreement, and the settlement provided for herein, shall not be admissible in any lawsuit, administrative action, or any judicial or administrative proceeding if offered to show, demonstrate, evidence or support a contention that any of the Parties acted illegally, improperly, or in breach of law, contract, or proper conduct.

7.    **Confidentiality.** The Parties agree to keep the terms of this Agreement confidential. Unless otherwise required by law or court order, neither the Parties nor their counsel or agents shall disclose the terms of this Agreement (including the Settlement Payment) or the fact of the Agreement to any third-party aside from their respective insurers, accountants, attorneys, bankers, financial advisors and parties affected by this Agreement that have a need to know of its terms. Any such third-party provided with the terms of this Agreement shall be instructed to keep those terms in strictest confidence and not reveal them to any other party. Plaintiff understands and agrees that this provision includes (but is not limited to) a prohibition against commentary regarding the terms of the Agreement with the Defendant, or the Defendant in general in any way, on the Internet, any social media outlet, any blog, or any other form of electronic media. The Parties

CONFIDENTIAL

understand and acknowledge that, but for all of the commitments in this paragraph, no party would have executed this Agreement nor agreed to its terms. Nothing in the Agreement shall, however, be deemed to interfere with each Party's obligation to report transactions with appropriate governmental, taxing, or registering agencies.

8.      **Non-Disparagement.**   Plaintiff will not, directly or indirectly, make any negative or disparaging statements against the Defendant maligning, ridiculing, defaming, or otherwise speaking ill of the Defendant, and its business affairs, practices or policies, standards, or reputation (including but not limited to statements or postings harmful to the Defendant's business interests, reputation or good will) in any form (including but not limited to orally, in writing, on any social media, blogs, internet, to the media, persons and entities engaged in radio, television or Internet broadcasting, or to persons and entities that gather or report information on trade and business practices or reliability) that relate to this Agreement and the factual allegations made in the Lawsuit or any matter covered by the release within this Agreement.

9.      **Right to Cure.**   In the event a Party alleges that another Party is in default of this Agreement, the alleging party shall send a written notice of default and right to cure to the current attorney of record outlined below for the alleged defaulting Party prior to initiating any civil or other action of any kind against that Party. The Party receiving the notice shall have thirty (30) days from the date of receipt to respond in writing or cure such default. Only if the defaulting party fails to cure within this time period, may the non-defaulting party exercise those remedies granted under applicable law.

Counsel for Defendant Absolute Resolutions Investments, LLC:
Cooper Walker
Frost Echols, LLC
18383 Preston Road, Suite 350
Dallas, TX 75252
Phone: 817-290-4356
Cooper.Walker@FrostEchols.com

CONFIDENTIAL

Plaintiff:
DeJon Paris
800 FM 518 Rd. 5417
Kemah, TX 77565
Phone: 813-605-9789
Dejon.paris@gmail.com

10.    **Excluded Claims.** This Agreement does not apply to any separate and continuing contractual or equitable obligations that may currently exist between or among the Parties, if any.

11.    **Agreement Not to be Construed Against the Drafter.** This Agreement shall be construed as if jointly drafted by all Parties. Plaintiff and Defendant have contributed substantially and materially to the preparation of this Agreement, and it shall not be construed more strictly against any of the Parties.

12.    **No Reliance Upon Representations.** In executing this Agreement, the Parties have not seen, heard or relied upon any promises, statements, representations, covenants, or warranties, whether express or implied, made by one another or by any representative or other person or entity, except to the extent that a matter is expressly stated in this Agreement. In determining and agreeing to the terms and conditions provided in this Agreement, the Parties have taken into consideration not only all known facts, damages and losses, but also the fact that consequences not now known may result from occurrences or events that may have given rise to the claims released in this Agreement. The Parties further recognize that the facts relating to the underlying claims released by this Agreement may turn out to be different from the facts now known or believed to be true by each of the Parties. Each of the Parties expressly assumes the risk of the facts turning out to be different, and agrees that this Agreement shall not be subject to termination by reason of any different facts.

13.    **Entire Agreement.** This Agreement constitutes the entire agreement between the Parties and supersedes any prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth in this Agreement. No representations, warranties, or inducements have been made to any of the Parties concerning this Agreement or its exhibits other than the representations, warranties, and covenants contained in this

Agreement. This Agreement may be amended or modified only by a written instrument signed by the Parties, their authorized agents, or their respective successors-in-interest.

14. **Authority to Execute Agreement**. The undersigned represents that they are fully authorized to execute and enter into this Agreement on behalf of the respective persons or entities for whom they have signed it. The Parties warrant that they have read this Agreement, that they have had the opportunity to consult with an attorney, that they have entered into this Agreement voluntarily, and that they intend to be bound by the Agreement.

15. **Binding Effect**. This Agreement shall be binding upon, and inure to the benefit of, the Parties and their respective heirs, personal representatives, devisees, successors in trust, successors and assigns, administrators, officers, directors, shareholders, members, managers, partners, agents, employees, attorneys, insurers, subsidiaries, parent corporations, affiliates, successors in interest, successors through merger or corporate restructure, and successors through a sale of all or substantially all of the assets or business, and anyone else acting on their behalf.

16. **Governing Law**. The terms and conditions of this Agreement shall be construed and enforced in accordance with, and governed by, the laws of the State of Texas without regard to any applicable choice of law or conflicts rules. In the event that any Party fails to comply with any provision of this Agreement, the non-breaching Party(ies) shall be entitled to enforce the Agreement through all available legal means, and the prevailing Party in any such dispute shall be entitled to recover the costs and fees, including reasonable attorneys' fees, incurred as a result of such enforcement. The state and federal courts located in the State of Texas shall be the sole forum for any disputes concerning this Agreement.

17. **Tax Consequences**. Plaintiff agrees that if it is later determined by the Internal Revenue Service or any other taxing body that taxes of any type should have been paid in connection with any benefit they receive pursuant to this Agreement, they will be solely responsible for paying such taxes. Defendant makes no representations or warranties regarding the legal effect or tax consequences of this Agreement, or of any such filing or reporting by Defendant. Plaintiff further expressly acknowledges that they neither

COMPROMISED SETTLEMENT RELEASE AND AGREEMENT
2024 12 18 ARC Paris (CSAfinal1)                                                    Page 6 of 9

**CONFIDENTIAL**

received nor relied upon any tax advice from Defendant or its representatives and attorneys.

18.     **Severability.**  If any provision, term, or clause of this Agreement is declared illegal, unenforceable, or ineffective in a legal forum with competent jurisdiction to do so, this Agreement shall be deemed severable, and all other provisions, terms, and clauses of the Agreement will remain valid and binding on the Parties.

19.     **Counterparts.**  This Agreement may be executed in one or more counterparts, any and all of which shall be deemed a binding original, but all of which together shall constitute one and the same instrument, and that each executed counterpart shall be binding on all Parties who sign a counterpart, as if fully executed.  The Parties further agree that a facsimile copy or an electronic (PDF) copy of a signature shall be treated with the same force and effect as an original signature and that executed signature pages may be transmitted via U.S. Mail, electronic mail or facsimile.

**IN WITNESS WHEREOF**, the Parties have executed this Agreement as of the dates below.

CONFIDENTIAL

Date 1/8/2025

_without recourse_

DeJon Paris
_Plaintiff_

**CONFIDENTIAL**

Absolute Resolutions Investments, LLC
*Defendant*

Date ___01/08/2025___

Jeff Pappas- Assistant General Counsel

By_____

Its _____

# EXHIBIT B

## EMAIL CORRESPONDENCE FROM COUNSEL FOR ARCON CREDIT SOLUTIONS, LLC
### DATED MAY 4, 2026

This exhibit contains a true and correct copy of the May 4, 2026 email from Kimberly Dang, counsel for Arcon Credit Solutions, LLC. It is attached to demonstrate Arcon's failure to satisfy the contractual condition precedent by initiating litigation only one day after sending a notice of default, rather than providing the mandated 30-day opportunity to cure.

# BASSFORD REMELE

**KIMBERLY DANG**
COUNSEL
Licensed in NY and TX
T 612.376.1665
KDANG@BASSFORD.COM

May 4, 2026

*VIA EMAIL AND U.S. MAIL*

DeJon Paris
900 E Colorado Blvd
Dallas, Texas 75203

1710 Keller Parkway 9602
Keller, Texas 76248
dejon.paris@gmail.com

Re:     *DeJon Paris v. Trans Union LLC, Spring Oaks Capital LLC, Arcon Credit Solutions, and Radius Global Solutions*; in the Dallas County Court at Law No. Three (3)
Court File No.: CC-26-03003-C
Our File No.: 9525-80

Dear Mr. Paris:

Please be advised that our Firm represents Arcon Credit Solutions LLC ("Arcon"), an affiliate entity of Absolute Resolutions Investments LLC, in the above-referenced lawsuit. Enclosed is a copy of Arcon's Original Answer filed May 5, 2026, which is being served upon you.

Our records reflect that you previously entered into a written settlement agreement with Absolute Resolutions Investments LLC ("ARI") dated January 8, 2025 (the "Settlement Agreement"), which resolved the same subject matter underlying your current claims. As part of that Settlement Agreement, you executed a release that expressly applies not only to ARI, but also to its affiliates, including Arcon. I am enclosing a copy of the Settlement Agreement for your reference.

In that release, you agreed to fully and finally discharge all claims, whether known or unknown, arising out of or relating to the matters at issue in your current lawsuit. Based on the plain language of the Settlement Agreement, your present claims against Arcon are barred and the above-referenced lawsuit is in breach of the Settlement Agreement.

**In light of this, we request that you voluntarily dismiss your lawsuit with prejudice. Please confirm in writing within ten (10) days of this letter that you will do so.**

BASSFORD REMELE

DeJon Paris
May 4, 2026
Page 2

If you do not agree to dismiss the lawsuit, Arcon will pursue all available remedies, including filing a counterclaim for breach of the Settlement Agreement and seeking recovery of its attorneys' fees and costs incurred in defending against claims that have already been released.

This letter is sent in a good-faith effort to resolve this matter without further litigation. Nothing in this correspondence is intended to waive, and Arcon expressly reserves, all rights, claims, and defenses.

Please do not hesitate to contact me with any questions or if you would like to discuss further.

Sincerely,

Kimberly Dang

KD:
Enclosures

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DEJON PARIS                                      §
     PLAINTIFF/                           §
     COUNTER-DEFENDANT,                   §

v.                                               § Case No: 3:26-cv-01553-G-BN
                                                 §
TRANS UNION LLC, SPRING OAKS                     §
CAPITAL LLC, ARCON CREDIT                        §
SOLUTIONS, and RADIUS GLOBAL                     §
SOLUTIONS,                                       §
     DEFENDANTS/
     COUNTER-PLAINTIFFS.

---

### ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS ARCON CREDIT SOLUTIONS, LLC'S COUNTERCLAIM

---

Before the Court is Plaintiff/Counter-Defendant DeJon Paris's Motion to Dismiss the Counterclaim filed by Defendant/Counter-Plaintiff Arcon Credit Solutions, LLC, pursuant to Federal Rule of Civil Procedure 12(b)(6).

After considering the Motion, the pleadings on file, the attached exhibits, and the applicable law, the Court finds that Defendant/Counter-Plaintiff Arcon Credit Solutions, LLC failed to satisfy a mandatory condition precedent prior to filing suit, and further finds that the claims asserted fall outside the scope of the January

1

8, 2025 release. Accordingly, the Court finds that the Motion is well-taken and should be **GRANTED**.

**IT IS THEREFORE ORDERED** that Plaintiff/Counter-Defendant DeJon Paris's Motion to Dismiss is **GRANTED**.

**IT IS FURTHER ORDERED** that the Counterclaim filed by Defendant/Counter-Plaintiff Arcon Credit Solutions, LLC is hereby **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

SIGNED this _____ day of _____, 2026.

_____

**UNITED STATES DISTRICT JUDGE**

2