IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEJON PARIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-1553-G-BN |
| | § | |
| TRANS UNION LLC, SPRING OAKS | § | |
| CAPITAL LLC, ARCON CREDIT | § | |
| SOLUTIONS LLC, and RADIUS | § | |
| GLOBAL SOLTUIONS LLC, | § | |
| | § | |
| Defendants. | § | |
| _____ | § | |
| ARCON CREDIT SOLUTIONS LLC, | § | |
| | § | |
| Counterclaim Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| DEJON PARIS, | § | |
| | § | |
| Counterclaim Defendant. | § | |

## <u>ORDER SETTING BRIEFING SCHEDULE</u>

Plaintiff and Counterclaim Defendant DeJon Paris has filed a motion to dismiss Defendant and Counterclaim Plaintiff Arcon Credit Solutions LLC's counterclaim. *See* Dkt. No. 25.

Arcon must file a written response to the motion by **July 6, 2026**. The response must be accompanied by or incorporate a brief, and the response and its brief must not together exceed 30 pages in length, excluding any table of contents and table of authorities.

Paris may file a reply brief, but no additional documents, by **July 21, 2026**.

The reply must not exceed 15 pages in length. No supplemental pleadings, briefs, or evidence or other documents may be filed in connection with the motion or the response thereto without leave of court.

And, because Paris is proceeding *pro se*, the Court sets out these legal standards applicable to the motion to dismiss:

Considering a motion under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *cf. Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) ("[J]ust as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation.").

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

So, "[w]here a complaint pleads facts that are merely consistent with a

- 2 -

defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557); *see, e.g.*, *Parker v. Landry*, 935 F.3d 9, 17 (1st Cir. 2019) (Where "a complaint reveals random puffs of smoke but nothing resembling real signs of fire, the plausibility standard is not satisfied.").

And, while Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, it does require that a plaintiff allege more than labels and conclusions, and, so, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

And, so, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *cf. Brown v. Tarrant Cnty., Tex.*,

985 F.3d 489, 494 (5th Cir. 2021) (While "*[p]ro se* complaints receive a 'liberal construction,'" "mere conclusory allegations on a critical issue are insufficient." (cleaned up)).

The deadlines set forth in this order will not be modified except upon written motion for good cause shown. Further, the Court strongly discourages any request to extend either of these deadlines through a motion that is filed within three business days of the existing deadline and will grant any such motion only upon a showing in the written motion of extraordinary circumstances.

The Court intends to rule on the motion based on the parties' written submissions, without hearing oral argument. *See* N.D. TEX. L. CIV. R. 7.1(g) ("Unless otherwise directed by the presiding judge, oral argument on a motion will not be held."). However, the Court, in its discretion or upon the request of any party, may schedule oral argument prior to ruling on this motion. Any party who desires oral argument must file a written request with the Court by **July 21, 2026**.

With regard to possible oral argument, the undersigned notes a trend today in which fewer cases go to trial and in which there are generally fewer speaking or "stand-up" opportunities in court, particularly for junior lawyers (that is, lawyers practicing for less than seven years). The undersigned strongly encourages litigants to be mindful of opportunities for junior lawyers to conduct hearings or oral argument before the Court, particularly hearings or oral arguments as to which the junior lawyer drafted or contributed significantly to the underlying motion or response. In those instances in which the undersigned is inclined to rule on the papers, a

representation that the oral argument would be handled by a junior lawyer – or by a lawyer who has more than seven years in practice but who has had less than five speaking appearances in any federal court – will weigh in favor of holding oral argument. The undersigned understands that there may be circumstances in which having a junior lawyer handle a hearing or oral argument might not be appropriate – such as where no junior lawyers were involved in drafting the motion or response or where the motion might be dispositive in a "bet-the-company" type case. Even so, the undersigned believes it is crucial to provide substantive speaking opportunities to junior or other less experienced lawyers and that the benefits of doing so will accrue to junior lawyers, to clients, and to the profession generally. Thus, the undersigned encourages all lawyers practicing before the Court to keep this goal in mind.

If, while the motion is pending, the parties are having serious discussions that might make it unnecessary for the Court to rule on the motion, the parties must immediately advise Shakira Todd, at (214) 753-2165, that such discussions are ongoing.

Any questions concerning the requirements of this order may be directed to Ms. Todd.

But attorneys and parties should not contact Ms. Todd or the Court's chambers to ask when a ruling on a motion can be expected.

And questions concerning electronic filing procedures should be directed to the ECF Help Desk at (866) 243-2866.

Please note that deadlines in this order are for filing or delivery and are not

- 5 -

mailing dates.

The failure to comply with any part of this order may result in the imposition of sanctions, s*ee* FED. R. CIV. P. 16(f), and may lead to dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: June 8, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE