IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEJON PARIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-1553-G-BN |
| | § | |
| TRANS UNION LLC, SPRING OAKS | § | |
| CAPITAL LLC, ARCON CREDIT | § | |
| SOLUTIONS LLC, and RADIUS | § | |
| GLOBAL SOLTUIONS LLC, | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER REGARDING LOCAL COUNSEL REQUIREMENT</u>

This lawsuit was removed to the Northern District of Texas on May 13, 2026. Northern District of Texas Local Civil Rule 83.10(a) requires the appearance of local counsel where counsel of record for a party does not reside or maintain the attorney's principal office in this district. "Local counsel" means a member of the bar of this court who resides or maintains the attorney's principal office in this district and whose residence or principal office is located within 50 miles of the courthouse in the division in which the case is pending.

By **July 16, 2026**, Defendants Spring Oaks Capital LLC, Arcon Credit Solutions LLC, and Radius Global Solutions LLC must file one of the following:

(1) a response to this order, demonstrating why counsel is not subject to, or is exempt from, Local Civil Rule 83.10(a)'s requirements or pointing out how and when local counsel has previously been designated;

(2) under Local Civil Rule 83.10(a), a motion for leave to proceed without local counsel; or

(3) a designation of, and the entry of appearance by, local counsel satisfying Local Civil Rule 83.10(a)'s requirements and stating local counsel's address and telephone number, as required by Federal Rule of Civil Procedure 11(a) and including the information that Local Civil Rule 10.1(b) requires. Counsel who are not members of the bar of this court and have not been admitted pro hac vice in this case must at the same time apply for admission to the Bar or for admission pro hac vice.

SO ORDERED.

DATED: June 16, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE