**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| DEJON PARIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:26-cv-01553-G-BN |
| | § | |
| TRANS UNION LLC, SPRING OAKS | § | |
| CAPITAL LLC, ARCON CREDIT | § | |
| SOLUTIONS, and RADIUS GLOBAL | § | |
| SOLUTIONS LLC, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT ARCON CREDIT SOLUTIONS, LLC'S
BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant Arcon Credit Solutions, LLC ("Arcon") moves for summary judgment on all claims asserted against it by Plaintiff DeJon Paris ("Plaintiff") pursuant to Fed. R. Civ. P. 56 and submits this Brief in support of the same.

Respectfully submitted,

**BASSFORD REMELE**
*A Professional Association*

Dated: June 23, 2026   By: */s/ Kimberly Dang*
          Kimberly Dang
          Texas Bar No. 24116246
          100 South 5th Street, Suite 1500
          Minneapolis, MN  55402
          Telephone: (612) 333-3000
          Facsimile: (612) 333-8829
          kdang@bassford.com

*Attorneys for Arcon Credit Solutions, LLC*

**<u>Use of Generative Artificial Intelligence</u>**

Pursuant to L.R. 7.2(f), portions of this brief were prepared with the assistance of generative artificial intelligence tools, namely, Westlaw CoCounsel and AI Deep Research. Counsel reviewed, edited, and verified the contents of the brief, including all factual assertions, citations, and legal authorities, and remains solely responsible for the accuracy and substance of the filing.

**TABLE OF CONTENTS**

**I. Introduction and Summary of the Argument**.............................................................. 1

**II. Legal Standard**............................................................................................................ 2

**III. Factual Background**.................................................................................................. 3

**IV. Arguments and Authorities** ..................................................................................... 4

    A.   Plaintiff's claims are barred by the prior Settlement Agreement. ...................................... 4

    B.   Plaintiff's FCRA claim fails as a matter of law.................................................................. 7

    C.   Plaintiff's FDCPA claim fails as a matter of law. .............................................................. 9

       (1)   Plaintiff's FDCPA claim fails because the FDCPA does not require proof of chain of title.   9

       (2)   Plaintiff's FDCPA claim is time-barred. ................................................................... 11

    D.   Plaintiff's TDCA claim fails as a matter of law. ............................................................... 12

**V. Attorneys' Fees**.......................................................................................................... 14

**VI. Conclusion**................................................................................................................ 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby*,
477 U.S. 242 (1986)............................................................................................ 2

*Austin v. Kroger Tex., L.P.*,
864 F.3d 326 (5th Cir. 2017) ............................................................................. 2

*Bennett v. Hartford Ins. Co. of Midwest*,
890 F.3d 597 (5th Cir. 2018) ............................................................................. 2

*Boudreaux v. Swift Transp. Co.*,
402 F.3d 536 (5th Cir. 2005) ............................................................................. 3

*Brown v. City of Hous.*,
337 F.3d 539 (5th Cir. 2003) ............................................................................. 3

*Caballero v. Rushmore Loan Mgmt. Servs., LLC*,
No. 05-19-00298-CV, 2020 WL 1685418 (Tex. App.—Dallas Apr. 7, 2020, no pet.)............ 13

*Caban v. HSBC Mortgage Servs.*,
373 F. Supp. 3d 709 (N.D. Tex. 2016) .............................................................. 8

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986).......................................................................................... 2

*Chaudhry v. Gallerizzo*,
174 F.3d 394 (4th Cir. 1999) ...................................................................... 10, 11

*Clark v. Capital Credit & Collection Servs., Inc.*,
460 F.3d 1162 (9th Cir. 2006) ........................................................................ 10

*Duffie v. United States*,
600 F.3d 362 (5th Cir. 2010) ............................................................................. 3

*Dunham v. Portfolio Recovery Assocs., LLC*,
663 F.3d 997 (8th Cir. 2011) .......................................................................... 10

*Ebrahimi v. Caliber Home Loans, Inc.*,
No. 05-18-00456-CV, 2019 WL 1615356 (Tex. App.—Dallas Apr. 15, 2019, pet. denied) ... 13

*First Bank v. Brumitt*,
519 S.W.3d 95 (Tex. 2017)................................................................................ 5

*Flores v. Deutsche Bank Nat'l Tr. Co.*,
   No. 02-12-00033-CV, 2014 WL 4109645 (Tex. App.—Fort Worth Aug. 21, 2014, no pet.) . 13

*Graziano v. Harrison*,
   950 F.2d 107 (3d. Cir. 1991)................................................................................................ 9

*Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*,
   758 F.3d 777 (6th Cir. 2014) ........................................................................................ 10, 11

*Infante v. Law Office of Joseph Onwuteaka, P.C.*,
   735 F. App'x 839 (5th Cir. 2018) ........................................................................................ 3

*Johnson v. Bank of Am., N.A.*,
   No. 01-21-00432-CV, 2022 WL 3363191 (Tex. App.—Houston [1st Dist.] Aug. 16, 2022, no pet.) ..................................................................................................................................... 13

*Jones v. Anderson*,
   721 F. App'x 333 (5th Cir. 2018) ........................................................................................ 3

*Keck, Mahin & Cate v. Nat'l Union Fire Ins. Co.*,
   20 S.W.3d 692 (Tex. 2000)............................................................................................... 4, 5

*Kiggundu v. Mortgage Elec. Registration Sys., Inc.*, No.,
   4:11-1068, 2011 WL 2606359 (S.D. Tex. June 30, 2011)................................................. 10

*Kim v. Hospira, Inc.*,
   709 F. App'x 287 (5th Cir. 2018) ........................................................................................ 2

*Korotki v. Att'y Servs. Corp. Inc.*,
   931 F. Supp. 1269 (D. Md. 1996)........................................................................................ 7

*Kruse v. Bank of N.Y. Mellon*,
   936 F. Supp. 2d 790 (N.D. Tex. 2013) .............................................................................. 13

*Lee v. Offshore Logistical & Transp., LLC*,
   859 F.3d 353 (5th Cir. 2017) .............................................................................................. 3

*Little v. Liquid Air Corp.*,
   37 F.3d 1069 (5th Cir. 1994) .............................................................................................. 2

*Mack v. Progressive Financial Servs., Inc.*,
   No. 4:13-cv-544, 2015 WL 123742 (E.D. Tex. Jan. 8, 2015) ........................................... 10

*McCarty v. Hillstone Rest. Grp., Inc.*,
   864 F.3d 354 (5th Cir. 2017) .............................................................................................. 3

*Middlebrooks v. Sacor Fin., Inc.*,
   322 F. Supp. 3d 1300 (N.D. Ga. 2018).............................................................................. 7

*Nola Spice Designs, LLC v. Haydel Enter., Inc.*,
  783 F.3d 527 (5th Cir. 2015) ................................................................................. 2

*Norman v. Northland Group Inc.*,
  495 Fed. Appx. 425 (5th Cir. 2012)..................................................................... 7, 8

*Rotkiske v. Klemm*,
  589 U.S. 8 (2019).................................................................................................. 12

*Sherman v. Portfolio Recovery Assocs., LLC*,
  No. 1:21-CV-570, 2022 WL 952540 (S.D. Ohio Mar. 30, 2022)................................ 9

*Silver v. Hauser*,
  No. 21-CV-319-LJV-JJM, 2022 WL 4134240 (W.D.N.Y. Sept. 12, 2022)............................. 9

*Stafford v. Allstate Life Ins. Co.*,
  175 S.W.3d 537 (Tex. App.—Texarkana 2005, no pet.)...................................... 4, 5, 6

*Stine v. Stewart*,
  80 S.W.3d 586 (Tex. 2002)..................................................................................... 5

*Tenneco, Inc. v. Enter. Prods. Co.*,
  925 S.W.2d 640 (Tex. 1996).................................................................................... 4

*Thomas v. Tregre*,
  913 F.3d 458 (5th Cir. 2019) ................................................................................. 2

*Thompson v. Bank of Am. Nat'l Ass'n*,
  783 F.3d 1022 (5th Cir. 2015) .............................................................................. 13

*Thornton v. Hughes, Watters & Askanase, LLP*,
  No. 2:16-CV-66, 2016 WL 8710442 (S.D. Tex. Oct. 21, 2016) ............................................. 10

*United States v. Renda Marine, Inc.*,
  667 F.3d 651 (5th Cir. 2012) ................................................................................. 3

*Vann v. City of Southhaven*,
  884 F.3d 307 (5th Cir. 2018) ................................................................................. 2

*Victoria Bank & Tr. Co. v. Brady*,
  811 S.W.2d 931 (Tex. 1991)..................................................................................... 5

*Wease v. Ocwen Loan Servicing, LLC*,
  915 F.3d 987 (5th Cir. 2019) ................................................................................. 2

*Willis v. Cleco Corp.*,
  749 F.3d 314 (5th Cir. 2014) ................................................................................. 3

### Statutes

15 U.S.C. § 1681b(a)(3)(A) ................................................................................... 8

15 U.S.C. § 1692g(b) ............................................................................................. 9

15 U.S.C. § 1692k(d) ........................................................................................... 12

15 U.S.C. §§ 1681b(f), 1681n(a) ......................................................................... 7

Tex. Fin. Code §§ 392.304(a), 392.403(a)(2) ..................................................... 13

Tex. Fin. Code §§ 392.304, 392.303 .................................................................... 13

§ 1692g ................................................................................................................ 11

### Rules

Fed. R. Civ. P. 56(a) .............................................................................................. 2

Fed. R. Civ. P. 56(c) .............................................................................................. 3

Rule 56 ................................................................................................................... 3

### Other Authorities

S. Rep. No. 95-382 .............................................................................................. 10

**I.**
**Introduction and Summary of the Argument**

1.      Plaintiff has brought claims against Arcon for alleged violations of the Fair Credit Reporting Act ("FCRA"), Fair Debt Collection Act ("FDCPA"), and Texas Debt Collection Act ("TDCA") based on Arcon's purported access to Plaintiff's credit report without a permissible purpose. Namely, Plaintiff alleges that Arcon did not have a permissible purpose because it does not "possess a valid chain of title or evidence of an existing account or contractual relationship with Plaintiff." ECF No. 1-1 at 14. Plaintiff further alleges that Arcon used deceptive means to obtain his credit information "without legal standing or chain of title." *Id.* at 15.

2.      This Court should grant summary judgment on all of Plaintiff's claims in favor of Arcon because they fail as a matter of law.

3.      First, Plaintiff's claims should be dismissed because Plaintiff already settled and released the claims he now seeks to assert. Plaintiff previously sued Arcon's affiliate company, Absolute Resolutions Investments, LLC ("ARI"), concerning the same account that is related to the credit pull alleged here. Plaintiff entered into a settlement agreement with ARI, releasing ARI and its affiliated companies. Because Plaintiff had only one account that was assigned to ARI, the alleged credit pull at issue here necessarily is related to that account. Accordingly, Plaintiff's current claims against Arcon are barred by the Settlement Agreement.

4.      Second, Plaintiff's claims should be dismissed because there is no genuine issue of material fact: (1) the FCRA claim fails because Arcon had a permissible purpose to access Plaintiff's credit report; (2) the FDCPA claim fails because the FDCPA imposes no chain-of-title requirement; (3) any FDCPA claim is independently barred by the statute of limitations; and (4) the TDCA claim fails for the same reasons as the FDCPA claim—an alleged defect in the chain of title does not constitute a false, deceptive, or misleading representation.

1

**II.**
**Legal Standard**

5.    "Summary judgment is appropriate only if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Vann v. City of Southhaven*, 884 F.3d 307, 309 (5th Cir. 2018) (citations omitted); *see also* Fed. R. Civ. P. 56(a). "A genuine dispute of material fact exists if the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). "The moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'" *Nola Spice Designs, LLC v. Haydel Enter., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Wease v. Ocwen Loan Servicing, LLC*, 915 F.3d 987, 992 (5th Cir. 2019).

6.    "Where the non-movant bears the burden of proof at trial, 'the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating . . . that there is an issue of material fact warranting trial.'" *Kim v. Hospira, Inc.*, 709 F. App'x 287, 288 (5th Cir. 2018) (quoting *Nola Spice Designs*, 783 F.3d at 536). While the movant must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 n.16 (5th Cir. 1994)). A fact is material if it "might affect the outcome of the suit." *Thomas v. Tregre*, 913 F.3d 458, 462 (5th Cir. 2019) (citing *Anderson*, 477 U.S. at 248).

7.    "When the moving party has met its Rule 56 ([a]) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings." *Jones v. Anderson*, 721 F. App'x 333, 335 (5th Cir. 2018) (quoting *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010)) (alteration in original). The nonmovant must instead identify specific evidence in the record and articulate how that evidence supports that party's claim. *Infante v. Law Office of Joseph Onwuteaka, P.C.*, 735 F. App'x 839, 843 (5th Cir. 2018) (quoting *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014)). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 357 (5th Cir. 2017) (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)).

8.    Additionally, at the summary judgment stage, evidence need not be authenticated or otherwise presented in an admissible form. *See* Fed. R. Civ. P. 56(c); *Lee v. Offshore Logistical & Transp., LLC*, 859 F.3d 353, 355 (5th Cir. 2017) (noting that the evidence submitted to support a fact on summary judgment must be admissible, but the material may be presented in a form that would not be admissible at trial.). However, and importantly, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *United States v. Renda Marine, Inc.*, 667 F.3d 651, 655 (5th Cir. 2012) (quoting *Brown v. City of Hous.*, 337 F.3d 539, 541 (5th Cir. 2003)).

### III.
### Factual Background

9.    Plaintiff previously filed a lawsuit against ARI on or about November 18, 2024 alleging that ARI violated the FDCPA relating to a WebBank/Jasper credit card account ending in 9362 (the "Prior Lawsuit"). Arcon respectfully requests that the Court take judicial notice of the pleadings and orders entered in *DeJon Paris v. Absolute Resolutions Investments, LLC*; Case No.

3

3:24-cv-00333; in the United States District Court for the Southern District of Texas, Houston Division, attached as App. 1-12.

10.    Plaintiff and ARI entered into a Settlement Agreement on or about January 8, 2025 to settle the Prior Lawsuit (the "Settlement Agreement"), attached as App. 35-43. The released parties include ARI and:

> [I]ts respective current and former predecessors, successors, parents, *affiliates*, subsidiaries, shareholders, franchisees, franchisors, insurers, and all of the aforementioned respective agents, employees, officers, directors, shareholders, attorneys, collection agencies, independent contractors, clients and vendors from all claims of any kind . . . existing through the Effective Date, *arising out of, based upon, or concerning the facts or violations alleged in the Lawsuit*.

App. at 36 (emphasis added).

11.    Plaintiff alleges that Arcon unlawfully pulled his credit report on May 13, 2024 without a permissible purpose because Arcon "cannot prove ownership of any alleged debt or account." ECF No. 1-1 at 14. Plaintiff further alleges that Arcon "used deceptive means to obtain credit information without legal standing or chain of title," seemingly based on Arcon's purported lack of ownership. *Id.* at 15.

**IV.**
**Arguments and Authorities**

A.    **Plaintiff's claims are barred by the prior Settlement Agreement.**

12.    Settlement agreements are contracts and are interpreted according to ordinary principles of contract law. *Stafford v. Allstate Life Ins. Co.*, 175 S.W.3d 537, 541 (Tex. App.—Texarkana 2005, no pet.) (citing *Tenneco, Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 646 (Tex. 1996)). A valid release extinguishes claims within its scope and is enforceable according to its plain language. *See Keck, Mahin & Cate v. Nat'l Union Fire Ins. Co.*, 20 S.W.3d 692, 698-99 (Tex. 2000). Although releases are construed narrowly, Texas courts enforce broad release language where the released claims are sufficiently identified and concern the same subject matter

4

contemplated by the parties. *Id.* (holding that a broad-form release is permissible and explaining that the "mention" requirement set forth in *Victoria Bank & Tr. Co. v. Brady* does not require parties to "anticipate and identify each potential cause of action relating to the release's subject matter.") *Victoria Bank & Tr. Co. v. Brady*, 811 S.W.2d 931, 938 (Tex. 1991) (holding that "in order to effectively release a claim in Texas, the releasing instrument must 'mention' the claim to be released"). Any claims clearly within the subject matter of the release are discharged, even if the claims themselves are not expressly identified. *Stafford*, 175 S.W.3d at 541.

13.     Under Texas law, a non-signatory may enforce a contract, including a release, as a third-party beneficiary if the contracting parties intended to secure a benefit to that third party and entered into the contract directly for the third party's benefit. *First Bank v. Brumitt*, 519 S.W.3d 95, 102 (Tex. 2017); *Stine v. Stewart*, 80 S.W.3d 586, 589 (Tex. 2002). The intent to confer third-party beneficiary status must be clearly written or evidenced in the contract. *First Bank*, 519 S.W.3d at 102-03. If an agreement names a non-signatory as a recipient of benefits, the third-party beneficiary theory will allow the non-signatory to enforce the agreement. *Id.* at 102.

14.     Here, Plaintiff previously sued ARI, Arcon's affiliate, concerning collection activity relating to the same Jasper/WebBank credit card account ending in 9362. App. 14 ¶ 8. That action was resolved by the Settlement Agreement, effective January 8, 2025. App. 14 ¶ 8; App. 35-43. The Settlement Agreement released ARI and its "current and former predecessors, successors, parents, affiliates, subsidiaries, shareholders, franchisees, franchisors, insurers, and all of the aforementioned respective agents, employees, officers, directors, shareholders, attorneys, collection agencies, independent contractors, clients and vendors" from "all claims of any kind . . . existing through the Effective Date, arising out of, based upon, or concerning the facts or violations alleged in the Lawsuit." App. 36 ¶ 4.

15.     Arcon is an affiliate of the settling entity and therefore falls squarely within the categories of released parties expressly identified in the Settlement Agreement. *See Stafford*, 175 S.W.3d at 542-43 (holding that affiliates specifically identified in a release were entitled to invoke its protections); App. 13 (explaining Arcon's affiliation with ARI). Moreover, Plaintiff's present claims are based on conduct that allegedly occurred on May 13, 2024, approximately eight months before the Effective Date of the Settlement Agreement. ECF No. 1-1 at 13 ("Arcon Credit Solutions pulled Plaintiff's report on May 13, 2024.").

16.     This case is akin to *Stafford v. Allstate Life Insurance Co.*, where the plaintiff settled claims arising from an automobile accident and later brought statutory and common-law claims against the insurer and its affiliates based on alleged misconduct during the settlement process. 175 S.W.3d 537, 541-42 (Tex. App.—Texarkana 2005, no pet.). The court held that the release barred the later claims because they arose from actions taken during settlement negotiations and "grew out of" the underlying accident, notwithstanding that the plaintiff asserted different legal theories. *Id.* The court further refused to impose limitations absent from the agreement's language, explaining that the release applied to all claims, based on any theory of recovery, accruing at any time in the past or future" that arose from the underlying dispute. *Id.* at 542.

17.     Likewise, Plaintiff's present claims concern the same credit card account and arise from the same underlying dispute regarding Arcon's authority and ownership that formed the basis of the Prior Lawsuit. App. 14. Plaintiff alleges that Arcon lacked "legal standing or chain of title" and therefore improperly obtained his credit information. ECF No. 1-1 at 15. Although Plaintiff now invokes different statutory causes of action, he cannot avoid the Settlement Agreement by repackaging the same factual dispute under different legal labels. *See Stafford*, 175 S.W.3d at 541-42.

6

18.     Accordingly, because Plaintiff released all claims existing through January 8, 2025 arising out of, based upon, or concerning the facts or violations alleged in the Prior Lawsuit, and because Arcon is an expressly identified released party under the Settlement Agreement, Plaintiff's claims are barred as a matter of law. Arcon is therefore entitled to summary judgment on all claims asserted by Plaintiff.

**B.      Plaintiff's FCRA claim fails as a matter of law.**

19.     Plaintiff alleges that Arcon violated the FCRA by accessing Plaintiff's credit report without a permissible purpose because it purportedly could not establish ownership of the account. ECF No. 1-1 at 14.

20.     The FCRA provides for civil liability where a person willfully obtains a consumer report without a permissible purpose. 15 U.S.C. §§ 1681b(f), 1681n(a). Whether a permissible purpose exists depends on the purpose for which the report was obtained and whether the user had a legitimate basis for believing the report related to an account of the consumer. *Id.* § 1681b(a)(3); *see, e.g.*, *Middlebrooks v. Sacor Fin., Inc.*, 322 F. Supp. 3d 1300, 1304 (N.D. Ga. 2018), *aff'd in part, appeal dismissed in part*, 775 Fed. Appx. 594 (11th Cir. 2019) (user need only demonstrate it had reason to believe a permissible purpose existed; reason to believe can exist even if company made a mistake or was deliberately misled); *Korotki v. Att'y Servs. Corp. Inc.*, 931 F. Supp. 1269, 1276 (D. Md. 1996) ("so long as a user has reason to believe that a permissible purpose exists, that user may obtain a consumer report without violating the FCRA").

21.     The FCRA expressly permits a person to obtain a consumer report if the person "intends to use the information in connection with a credit transaction involving the consumer . . . and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A). Accordingly, obtaining a consumer report for the purposes of collecting a consumer account constitutes a permissible purpose under the statute. *See Norman v.*

7

*Northland Group Inc.*, 495 Fed. Appx. 425, 426-27 (5th Cir. 2012) (holding that a debt collector's credit report inquiry was for the permissible purpose of collection of an account under § 1681b(a)(3)(A) and therefore did not violate the FCRA).

22.     The FCRA does not require a debt collector to conclusively establish ownership of the account or prove an unbroken chain of title before obtaining a consumer report. *Id.* Nor does a consumer's subsequent dispute concerning ownership or collectability retroactively eliminate a permissible purpose that existed when the report was accessed. *See id.*; *see also Consumer Fin. Prot. Bureau, When Can a Debt Collector Report My Debt to a Credit Reporting Company?* (Jan. 29, 2024), https://www.consumerfinance.gov/ask-cfpb/when-can-a-debt-collector-report-to-a-credit-reporting-agency-en-2111/ (debt collector is allowed to report debt to a credit recording company). Accordingly, absent evidence that the defendant knew it lacked any right to review or collect the account, a challenge to the sufficiency of ownership documentation does not establish a violation of Section 1681b(a)(3)(A). *See Caban v. HSBC Mortgage Servs.*, 373 F. Supp. 3d 709, 713 (N.D. Tex. 2016).

23.     Plaintiff's theory is premised solely on the assertion that Arcon failed to prove ownership of the account through chain-of-title documentation or a contractual relationship with Plaintiff. ECF No. 1-1 at 14-15. But the existence of a dispute concerning ownership does not eliminate a permissible purpose under the FCRA. *See Norman*, 495 Fed. Appx. at 426-27. The relevant inquiry is whether Arcon obtained Plaintiff's consumer report in connection with the review or collection of an account, not whether Arcon later produced documents sufficient to satisfy Plaintiff's demands concerning ownership.

8

24.    Because Arcon accessed Plaintiff's consumer report in connection with the review or collection of an account, which is a permissible purpose, Plaintiff's FCRA claim fails. There is no genuine issue of material fact and summary judgment in Arcon's favor is appropriate.

**C.    Plaintiff's FDCPA claim fails as a matter of law.**

**(1)  <u>Plaintiff's FDCPA claim fails because the FDCPA does not require proof of chain of title.</u>**

25.    Plaintiff alleges that Arcon used "deceptive means" to obtain his credit report because Arcon purportedly lacked "legal standing or chain of title." ECF No. 1-1 at 15. Construed liberally, Plaintiff's theory appears to be that Arcon falsely represented or implied that it possessed authority to obtain Plaintiff's credit information when, according to Plaintiff, it did not.

26.    Under the FDCPA, a creditor must provide validation of a debt upon the debtor's request. 15 U.S.C. § 1692g(b). However, a debt collector's failure to possess or disclose a complete chain of title while engaging in pre-litigation collection activity does not constitute a violation of the FDCPA. The Fifth Circuit has not directly ruled on this issue, but other courts have uniformly held that a debt collector is not required to prove debt ownership or chain of title documentation. *See, e.g.*, *Silver v. Hauser*, No. 21-CV-319-LJV-JJM, 2022 WL 4134240, at *6 (W.D.N.Y. Sept. 12, 2022) ("[T]his Court agrees . . . that [Plaintiff's] FDCPA claim challenging [Defendant's] failure to show ownership of the debt cannot proceed); *Sherman v. Portfolio Recovery Assocs., LLC*, No. 1:21-CV-570, 2022 WL 952540, at *7 (S.D. Ohio Mar. 30, 2022), *report and recommendation adopted*, No. 21-CV-570, 2022 WL 3908944 (S.D. Ohio Aug. 30, 2022) (collecting cases).

27.    While the FDCPA does not prescribe what qualifies as sufficient verification, the requirements are minimal and do not require documents demonstrating a complete chain of title. *See Graziano v. Harrison*, 950 F.2d 107, 113 (3d. Cir. 1991) (verification sufficient where stating

"the amounts of . . . debts, the services provided, and the dates on which the debts were incurred"); *Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999) ("[V]erification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed; the debt collector is not required to keep detailed files of the alleged debt."); *Thornton v. Hughes, Watters & Askanase, LLP*, No. 2:16-CV-66, 2016 WL 8710442, at *10 (S.D. Tex. Oct. 21, 2016), *report and recommendation adopted*, No. 2:16-CV-66, 2016 WL 6775676 (S.D. Tex. Nov. 16, 2016) (copy of the deed of trust, statement showing the principal amount and an explanation of amount due was sufficient verification); *see also Kiggundu v. Mortgage Elec. Registration Sys., Inc.*, No. 4:11-1068, 2011 WL 2606359, at *6 (S.D. Tex. June 30, 2011) (copy of a deed of trust and payments found to satisfy the verification of debt obligation). The purpose of the verification is "to eliminate the problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *Mack v. Progressive Financial Servs., Inc.*, No. 4:13-cv-544, 2015 WL 123742, at *3 (E.D. Tex. Jan. 8, 2015) (quoting *Chaudhry*, 174 F.3d at 406, *Dunham v. Portfolio Recovery Assocs., LLC*, 663 F.3d 997, 1003 (8th Cir. 2011), and *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162 (9th Cir. 2006)).

28.    All that is required to verify a debt is "the date and nature of the transaction that led to the debt, such as a purchase on a particular date, a missed rental payment for a specific month, a fee for a particular service provided at a specified time, or a fine for a particular offense assessed on a certain date." *Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, 758 F.3d 777, 782 (6th Cir. 2014) (quoting S. Rep. No. 95-382, at 4 (1977), *reprinted in* 1997 U.S.S.C.A.N. 1695, 1699).

29.    Here, Plaintiff's FDCPA claim rests entirely on the premise that Arcon was required to produce documents establishing a complete chain of title or otherwise proof of ownership before attempting to collect the account. But the FDCPA imposes no such requirement. Nothing in § 1692g requires a debt collector to possess or provide documents establishing a complete chain of title before engaging in collection activity. Rather, courts have consistently recognized that debt verification requirements are minimal and are intended only to confirm that the debt being collected is the debt claimed by the creditor and that the collector is pursuing the correct consumer. *See Chaudhry*, 174 F.3d at 406; *Haddad*, 758 F.3d at 782.

30.    Accordingly, even accepting Plaintiff's factual allegations as true, Arcon's alleged failure to possess or provide chain-of-title documentation cannot constitute a violation of the FDCPA as a matter of law. Plaintiff has identified no statutory provision, regulation, or controlling authority imposing such a requirement.

31.    To the extent Plaintiff alleges Arcon failed to provide verification of the debt, such allegation also fails as a matter of law.

32.    Because the FDCPA does not require a debt collector to prove ownership through a complete chain of title, no genuine issue of material fact exists as to Plaintiff's theory that Arcon employed false, deceptive, or unfair means by acting "without legal standing or chain of title." ECF No. 1-1 at 15.

33.    Defendant is therefore entitled to judgment as a matter of law on Plaintiff's FDCPA claim.

### (2) **Plaintiff's FDCPA claim is time-barred.**

34.    Independently, Plaintiff's FDCPA claim is barred by the statute of limitations set forth by the FDCPA.

11

35.    The FDCPA requires that an action "be brought . . . within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). The limitations period runs from the date of the alleged violation itself, not from the date the plaintiff discovers the violation. *See Rotkiske v. Klemm*, 589 U.S. 8, 13-14 (2019).

36.    Plaintiff alleges that Arcon accessed his credit report on May 13, 2024, approximately two years before he commenced this action on April 13, 2026. ECF No. 1-1 at 13 (alleging violation occurred on May 13, 2024), 16 (showing date of commencement of lawsuit). Moreover, the premise of Plaintiff's FDCPA claim is that Arcon "used deceptive means to obtain credit information without legal standing or chain of title." *Id.* Any alleged FDCPA violation necessarily occurred, if at all, on or before the May 13, 2024 credit inquiry.

37.    Because the alleged violation occurred on May 13, 2024, Plaintiff was required to bring any FDCPA claim no later than May 13, 2025. Plaintiff did not file this action until approximately one year after the limitations period expired. Plaintiff does not allege any facts supporting equitable tolling, nor could he. The conduct underlying the claim is identified in the Complaint itself, and the Complaint affirmatively establishes that the alleged violation occurred outside the one-year limitations period.

38.    Accordingly, because the untimeliness of the claim appears on the face of the Complaint, Plaintiff's FDCPA claim is barred by 15 U.S.C. § 1692k(d) and should be dismissed with prejudice.

**D.    Plaintiff's TDCA claim fails as a matter of law.**

39.    Plaintiff's TDCA claim is based on the same allegations underlying his FDCPA claim. Specifically, Plaintiff alleges that Arcon lacked "legal standing or chain of title" and therefore acted unlawfully in obtaining his credit information and attempting to collect the account. ECF No. 1-1 at 15.

40.     To recover under the TDCA, a plaintiff must prove that (1) a debt collector used a fraudulent, deceptive, or misleading representation employing one of the prohibited practices, and (2) the plaintiff sustained actual damages as a result. *Johnson v. Bank of Am., N.A.*, No. 01-21-00432-CV, 2022 WL 3363191, at *6 (Tex. App.—Houston [1st Dist.] Aug. 16, 2022, no pet.) (citing Tex. Fin. Code §§ 392.304(a), 392.403(a)(2)). The TDCA prohibits debt collectors from using fraudulent, deceptive, or misleading representations and from employing unfair or unconscionable means in collecting consumer debts. Tex. Fin. Code §§ 392.304, 392.303.

41.     However, Texas appellate courts and federal courts applying Texas law have consistently held that to establish a TDCA misrepresentation claim under § 392.304, a plaintiff must identify a specific affirmative statement made by the debt collector that was false or misleading. *See, e.g.*, *Ebrahimi v. Caliber Home Loans, Inc.*, No. 05-18-00456-CV, 2019 WL 1615356, at *5 (Tex. App.—Dallas Apr. 15, 2019, pet. denied); *Thompson v. Bank of Am. Nat'l Ass'n*, 783 F.3d 1022, 1026 (5th Cir. 2015); *Kruse v. Bank of N.Y. Mellon*, 936 F. Supp. 2d 790, 792 (N.D. Tex. 2013).

42.     A plaintiff's challenge to a debt collector's authority to collect, without more, does not establish that the debt collector employed a false, deceptive, or misleading representation prohibited by the TDCA. *See Flores v. Deutsche Bank Nat'l Tr. Co.*, No. 02-12-00033-CV, 2014 WL 4109645, at *18-19 (Tex. App.—Fort Worth Aug. 21, 2014, no pet.); (rejecting TDCA claim where plaintiff failed to raise a fact issue that defendants used false representations or deceptive means despite challenges to the validity of the underlying lien); *Caballero v. Rushmore Loan Mgmt. Servs., LLC,* No. 05-19-00298-CV, 2020 WL 1685418, at *5-6 (Tex. App.—Dallas Apr. 7, 2020, no pet.) (rejecting TDCA claims where plaintiff produced no evidence that defendants lacked authority or engaged in deceptive conduct).

13

43.    Here, Plaintiff identifies no false statement made by Arcon concerning the amount, character, or status of the debt. Instead, Plaintiff's claim rests entirely on the premise that Arcon was required to establish a complete chain of title before obtaining Plaintiff's credit information or engaging in collection efforts. But the TDCA imposes no such requirement. Accordingly, even accepting Plaintiff's allegations as true, Arcon's alleged failure to possess or disclose chain-of-title documentation cannot constitute a violation of the TDCA as a matter of law.

44.    In sum, Plaintiff cannot establish that Arcon made any false representation, express or implied, concerning its authority to obtain information concerning Plaintiff or collect the account. Accordingly, no genuine issue of material fact exists, and Arcon is entitled to judgment as a matter of law on Plaintiff's TDCA claim.

## V.
## Attorneys' Fees

45.    The Settlement Agreement provides:

> In the event that any Party fails to comply with any provision of this Agreement, the non-breaching Party(ies) shall be entitled to enforce the Agreement through all available legal means, *and the prevailing Party in any such dispute shall be entitled to recover the costs and fees, including reasonable attorneys fees*, incurred as a result of such enforcement.

App. 40 ¶ 16 (emphasis added).

46.    Because Arcon is entitled to summary judgment based on the Settlement Agreement, Arcon is the prevailing party under the Settlement Agreement and is entitled to recover its reasonable attorneys' fees and costs pursuant to the fee-shifting provision therein. Arcon respectfully requests that the Court enter judgment in its favor and award Arcon its reasonable attorneys' fees and costs in an amount to be established by subsequent motion or other appropriate procedure.

## VI.
## Conclusion

For the foregoing reasons, Defendant Arcon Credit Solutions, LLC respectfully requests

that the Court grant its Motion for Summary Judgment, enter judgment in Arcon's favor on all

claims asserted by Plaintiff DeJon Paris, dismiss Plaintiff's claims with prejudice, award Arcon its

reasonable attorneys' fees and costs pursuant to the Settlement Agreement and other applicable

law, and grant Arcon such other and further relief to which it may be justly entitled.

Respectfully submitted,

**BASSFORD REMELE**
*A Professional Association*

Dated: June 23, 2026         By: */s/ Kimberly Dang*
                                  Kimberly Dang
                                  Texas Bar No. 24116246
                                  100 South 5th Street, Suite 1500
                                  Minneapolis, MN  55402
                                  Telephone: (612) 333-3000
                                  Facsimile: (612) 333-8829
                                  kdang@bassford.com

                                  ***Attorneys for Arcon Credit Solutions, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing document to be filed electronically with the Clerk of Court utilizing the CM/ECF system. I further certify that the CM/ECF system will send notification of such filing to any counsel of record who are registered CM/ECF participants. I further certify that on June 23, 2026, I caused a true and correct copy of the foregoing document to be served upon the following non-CM/ECF participant via electronic mail:

Dejon Paris
Plaintiff Pro Se
1710 Keller Parkway 9602
Keller, Texas 76248
dejon.paris@gmail.com

*/s/ Kimberly Dang*
Kimberly Dang

15