United States Courts
Southern District of Texas
FILED

*November 18, 2024*

Nathan Ochsner, Clerk of Court

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| DEJON PARIS | ) JURY TRIAL DEMANDED |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No. **3:24-cv-333** |
| | ) |
| ABSOLUTE RESOLUTIONS INVESTMENTS | ) |
| LLC, | ) |
|     Defendant. | ) |
| | ) |

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

---

### I.  INTRODUCTION

1. This is an action for actual and statutory brought by Plaintiff DeJon Paris, an individual consumer, against Defendant, Absolute Resolutions Investments LLC, ("ARC") for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA") and 12 CFR Part 1006 (hereinafter Regulation F), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II.  JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C § 1692k(d) 28 U.S.C 1331. Venue in this District is proper in that the Defendants transact business in

1

APPENDIX 1

Kemah, Galveston County, Texas, and the conduct complained of occurred in Kemah, Galveston County, Texas.

### III. PARTIES

3. Plaintiff DeJon Paris (hereinafter "Mr. Paris") is a natural person residing in Kemah, Galveston County, Texas. Mr. Paris is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3) and Regulation F, Section 1006.2(e).

4. Upon information and belief, Defendant Absolute Resolutions Investments LLC, is a California corporation with its principal place of business located at 6602 El Cajon Blvd., Ste. 200 San Diego, CA 92115.

5. Defendant Absolute Resolutions Investments LLC, is engaged in the collection of debt from consumers using mail, email, and telephone. The defendant regularly attempts to collect consumers' debts alleged to be due to another's. The alleged debt arose from a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5) and defined by Section 1006.2(h) of Regulation F.

APPENDIX 2

## IV.   FACTS OF THE COMPLAINT

6.    Defendant Absolute Resolutions Investments LLC, (hereinafter referred to as "Debt Collector") is a "debt collector" as defined by the FDCPA, 15 U.S.C 1692a(6) and by Regulation F, Section 1006.2(i).

7.    On or about August 27, 2024 Mr. Paris noticed the Debt Collector reporting on his credit reports with the dispute remarks "Account information disputed by consumer, meets FCRA requirements".

8.    On or about August 27, 2024 Mrs. Paris wrote an "inconvenient place letter" asking the Debt Collector to only communicate via email (Electronic Mail) because receiving mail at his home, a place, is inconvenient pursuant to 15 U.S.C. §1692c(a)(1) and pursuant to Section 1006.14 of Regulation F. The Debt Collector received the "inconvenient place letter" on or about September 3, 2024. On or about September 5, 2024 Mr. Paris received a letter from the Debt Collector instead of an email. The Debt Collector failed to cease communication via mail at the Plaintiffs home, which should be known as an inconvenient place.

9.    In the same letter Mr. Paris asked the debt collector to remove the dispute remarks pursuant to 15 U.S.C. §1692e(8)  as the tradeline was not currently

3

APPENDIX 3

in dispute. As of the Debt Collectors last updated reporting of the tradeline on October 24, 2024, the dispute remarks remain.

10. Plaintiff has suffered actual damages as a result of these violations by this Defendant in the form of time wasted, anger, anxiety, decreased ability to focus on task while at work, frustration, amongst other negative emotions.

## I. FIRST CLAIM FOR RELIEF
### (Absolute Resolutions Investments LLC)
### 15 U.S.C. §1692c(a)(1)

11. Mr. Paris re-alleges and reincorporates all previous paragraphs as if fully set out herein.

12. The Debt Collector violated the FDCPA.

13. The Debt Collector's violations include, but are not limited to, the following: The Debt Collector violated 15 U.S.C § 1692c(a)(1) of the FDCPA by failing to cease communication to the consumer's home after receiving written notice.

4

APPENDIX 4

14. As a result of the above violations of the FDCPA, Defendant is liable to the Plaintiff, Mrs. Paris, actual damages, statutory damages and cost.

## II. SECOND CLAIM FOR RELIEF
### (Absolute Resolutions Investments LLC)
### 15 U.S.C. §1692e(8)

15. Mr. Paris re-alleges and reincorporates all previous paragraphs as if fully set out herein.

16. The Debt Collector violated the FDCPA.

17. The Debt Collector's violations include, but are not limited to, the following: The Debt Collector violated 15 U.S.C § 1692e(8) of the FDCPA by failing to remove the dispute remarks after being notified that the account is no longer in dispute.

## II.    JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mr. Paris respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Debt Collector for:

A. Judgment for the violations occurred for violating the FDCPA;

B. Actual damages pursuant to 15 U.S.C 1692k(1)(2);

5

APPENDIX 5

C. Statutory damages pursuant to 15 U.S.C 1692k(2);

D. Cost pursuant to 15 U.S.C 1692k(3);

E. For such other and further relief as the Court may deem just and proper.

Respectfully submitted:

_____/s/ DeJon Paris_____

DeJon Paris

800 FM 518 Rd 5417

Kemah, TX 77565

813-605-9789

dejon.paris@gmail.com

6

APPENDIX 6

CERTIFICATE OF SERVICE

VIA MAIL AT

URS AGENTS, LLC

3610-2 N. JOSEY LANE SUITE 223

CARROLLTON, TX 75007

7

APPENDIX 7

10:03        ▄▄▌ 🛜 81

‹    **Account Details**

# ABSOLUTE RESOLUTIONS INV

Last reported Oct 24, 2024

**$2,224**
Open balance

**ABSOLUTE RESOLUTIONS INV**
Original creditor

## SNAPSHOT

| | |
|---|---|
| Opened | **Aug 25, 2023 (1 yrs, 2 mos)** |
| Account status | **Open** |
| Type | **--** |
| Responsibility | **Individual** |
| Remarks | **Account information disputed by consumer, meets FCRA requirements** |
| Original creditor name | **ABSOLUTE RESOLUTIONS INV** |

**Report info** ∧

## Take a look at some options to help

| For you | Cards | Loans | Insurance | Money |
|---|---|---|---|---|

APPENDIX 8

DeiJon Paris
600 FM 518 Rd 5417
Alemah, TX 77565

Nathan Ochsner
Clerk of Court
601 Rosenberg St
Room 411
Galveston, TX 77550





APPENDIX 9

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

United States Courts
Southern District of Texas
FILED

JAN 23 2025

Nathan Ochsner, Clerk of Court

| | |
|---|---|
| DEJON PARIS | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:2024-cv-00333 |
| | ) |
| ABSOLUTE RESOLUTIONS INVESTMENTS | ) |
| LLC, | ) |
|     Defendant. | ) |
| | ) |

---

## NOTICE OF VOLUNTARY DISMISSAL AS TO DEFENDANT ABSOLUTE RESOLUTIONS INVESTMENTS LLC

---

COMES NOW Plaintiff DeJon Paris, and hereby dismisses, with prejudice, Defendant Absolute Resolutions Investments LLC pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.

Respectfully submitted:

_____/s/ DeJon Paris_____

DeJon Paris

800 FM 518 Rd 5417

APPENDIX 10

Kemah, TX 77565

813-605-9789

dejon.paris@gmail.com

Plaintiff - Pro se

APPENDIX 11

United States District Court
Southern District of Texas
**ENTERED**
January 23, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DEJON PARIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | 3:24-cv-333 |
| | § | |
| ABSOLUTE RESOLUTIONS | § | |
| INVESTMENTS, LLC, | § | |
| | § | |
| Defendant. | § | |

## ORDER OF DISMISSAL WITH PREJUDICE

On January 23, 2025, the plaintiff filed a notice of voluntary dismissal as to its claims against the defendant, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). Dkt. 6.

Accordingly, it is hereby **ORDERED** that all claims asserted by the plaintiff against the defendant in the above-captioned and -numbered lawsuit are **DISMISSED WITH PREJUDICE** to refiling.

Each party to bear its own attorneys' fees and costs.

Signed on Galveston Island this 23rd day of January, 2025.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE

APPENDIX 12

Docusign Envelope ID: D2C87D26-D30F-819D-83E5-BBF1E54916A6

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| DEJON PARIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:26-cv-01553-G-BN |
| | § | |
| TRANS UNION LLC, SPRING OAKS | § | |
| CAPITAL LLC, ARCON CREDIT | § | |
| SOLUTIONS, and RADIUS GLOBAL | § | |
| SOLUTIONS LLC, | § | |
| | § | |
| Defendants. | § | |

**<u>UNSWORN DECLARATION OF JEFFERSON PAPPAS</u>**

I, Jefferson Pappas, declare as follows:

1. I am employed by Absolute Resolutions Corporation ("ARC") as its Assistant General Counsel and am authorized to make this declaration on behalf of ARC and its affiliated entities. I have personal knowledge of the facts stated herein, except as to those matters based upon my review of business records maintained by ARC and its affiliated entities, as to which I am familiar with their recordkeeping practices and regularly rely upon those records in the course of my duties.

2. In the course of my duties, I am familiar with ARC's policies, procedures, and recordkeeping systems relating to consumer accounts owned by or placed with ARC, settlement agreements, records concerning affiliated entities, and records reflecting authority granted to affiliated collection agencies or servicers with respect to consumer accounts.

3. The records referenced in this declaration are maintained by ARC and its affiliated entities in the regular course of business. It is the regular practice of ARC and its affiliated entities to make and maintain such records at or near the time of the acts, events, or transactions recorded, by persons with knowledge of those matters or from information transmitted by persons with knowledge.

4. Absolute Resolutions Investments, LLC ("ARI") and Arcon Credit Solutions, LLC ("Arcon") are affiliate entities of ARC. ARC is affiliated with ARI and Arcon through common ownership and control. ARC and its affiliated entities, including ARI and Arcon, maintain and rely upon integrated electronic records concerning consumer accounts in the ordinary course of business. In performing my duties, I regularly access and rely upon those records.

1

<span style="color:red">APPENDIX 13</span>

5. Attached hereto as Exhibit A are the true and correct copies of the official business entity registration records maintained by the Minnesota Secretary of State for ARC, ARI, and Arcon, which reflect that all three entities share a common address of 8000 Norman Center Drive, Suite 350, Bloomington, Minnesota 55437.

6. Attached hereto as Exhibit B is the Terms of Use of ARC's website, which identifies ARI and Arcon as affiliate entities of ARC ("The words 'we,' 'our,' and 'us' mean Absolute Resolutions Corporation and its affiliates, successors, and assigns, including but not limited to Absolute Resolutions Investments, LLC, Arcon Credit Solutions LLC, . . . (collectively 'affiliates').").

7. In the course of my duties, I have access to and am familiar with records maintained by ARC and its affiliated entities, including ARI and Arcon. I have reviewed ARI's records relating to Plaintiff DeJon Paris and the account that is the subject of this lawsuit, including records concerning the WebBank/Jasper credit card account ending in 9362, records concerning Plaintiff's prior lawsuit against ARI, and the Settlement Agreement resolving that lawsuit.

8. Based on my review of those records, Arcon was authorized to act with respect to Plaintiff's account on ARI's behalf. The account referenced in Plaintiff's Complaint and the account that was the subject of Plaintiff's prior lawsuit against ARI concern the same WebBank/Jasper credit card account ending in 9362. ARI purchased Plaintiff's account as part of a portfolio purchase of accounts. Based on my review of ARI's records, ARI purchased only one account associated with Plaintiff.

9. Based on my review of the records maintained by ARI and Arcon, the May 13, 2024 inquiry referenced in Plaintiff's Complaint related to that account and was made in connection with the review or collection of Plaintiff's account.

10. Plaintiff and ARI entered into a Settlement Agreement on or about January 8, 2025 resolving Plaintiff's prior lawsuit against ARI. A true and correct copy of that Settlement Agreement is attached as Exhibit C.

11. I make this declaration in support of Defendant Arcon Credit Solutions, LLC's Motion for Summary Judgment.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 22, 2026.

By: _Jeff Pappas_
—2CDDD02F6783432…
Jefferson Pappas
Assistant General Counsel for
Absolute Resolutions Corporation

2

APPENDIX 14

# EXHIBIT A

APPENDIX 15

## Business Record Details »

Minnesota Business Name
## Absolute Resolutions Corporation

**Business Type**
Business Corporation (Foreign)

**MN Statute**
303

**File Number**
1023020300028

**Home Jurisdiction**
California

**Filing Date**
7/2/2018

**Status**
Active / In Good Standing

**Renewal Due Date**
12/31/2026

**Registered Office Address**
616 S 3RD ST
MINNEAPOLIS, MN 55415–1104
USA

**Registered Agent(s)**
URS AGENTS, LLC

**Mailing Address**
None Provided

**Chief Executive Officer**
Robert Johnson
8000 NORMAN CENTER DR
STE 350
BLOOMINGTON, MN 55437–1118
USA

**Home Business Name**
Absolute Resolutions Corporation

**Filing History**

# Filing History

**Select the item(s) you would like to order:** [ Order Selected Copies ]

| | Filing Date | Filing | Effective Date |
|---|---|---|---|
| ☐ | 7/2/2018 | Original Filing - Business Corporation (Foreign) (Business Name: Absolute Resolutions Corporation) | |
| ☐ | 6/18/2025 | Registered Office and/or Agent - Business Corporation (Foreign) | |
| ☐ | 6/23/2025 | Amendment - Business Corporation (Foreign) | |

© 2026 Office of the Minnesota Secretary of State - **Terms & Conditions**

The Office of the Secretary of State is an equal opportunity employer

✉ **Subscribe for email updates!**
**Vulnerability Disclosure**

APPENDIX 17

## Business Record Details »

Minnesota Business Name
## Absolute Resolutions Investments LLC

**Business Type**
Limited Liability Company (Foreign)

**File Number**
1146099900021

**Filing Date**
3/3/2020

**Renewal Due Date**
12/31/2026

**Registered Agent(s)**
URS Agents, LLC

**Principal Executive Office Address**
8000 Norman Center Drive
Ste 350
Bloomington, MN 55437
United States

**Principal Place of Business Address**
8000 Norman Center Drive
Ste. 350
Bloomington, MN 55437
USA

**MN Statute**
322C

**Home Jurisdiction**
Arizona

**Status**
Active / In Good Standing

**Registered Office Address**
616 S 3RD ST
MINNEAPOLIS, MN 55415–1104
USA

**Manager**
ARC Holdings, LLC
8000 Norman Center Drive
Ste 350
Bloomington, MN 55437
United States

**Home Business Name**
Absolute Resolutions Investments LLC

**Home Office Address**
20860 N. Tatum Blvd
Phoenix, AZ 85050
US

**Filing History**

# Filing History

**Select the item(s) you would like to order:** Order Selected Copies

| | Filing Date | Filing | Effective Date |
|---|---|---|---|
| ☐ | 3/3/2020 | Original Filing - Limited Liability Company (Foreign) (Business Name: Absolute Resolutions Investments LLC) | |
| ☐ | 4/7/2025 | Registered Office and/or Agent - Limited Liability Company (Foreign) | |

© 2026 Office of the Minnesota Secretary of State - **Terms & Conditions**

The Office of the Secretary of State is an equal opportunity employer

✉ **Subscribe for email updates!**
**Vulnerability Disclosure**

APPENDIX 19

## Business Record Details »

Minnesota Business Name
## Arcon Credit Solutions LLC

**Business Type**
Limited Liability Company (Domestic)

**MN Statute**
322C

**File Number**
1153462900023

**Home Jurisdiction**
Minnesota

**Filing Date**
4/10/2020

**Status**
Active / In Good Standing

**Renewal Due Date**
12/31/2026

**Registered Office Address**
616 S 3RD ST
MINNEAPOLIS, MN 55415–1104
USA

**Registered Agent(s)**
URS Agents, LLC

**Mailing Address**
8000 Norman Center Drive, Ste 3500
Bloomington, MN 55437
USA

**Manager**
Chad Roger Lemke
8000 Norman Center Drive
Ste 350
Bloomington, MN 55437–5543
United States

**Principal Executive Office Address**
8425 Seasons Parkway
Ste 106
Woodbury, MN 55125
United States

**Filing History**

# Filing History

**Select the item(s) you would like to order:** Order Selected Copies

APPENDIX 20

| | Filing Date | Filing | Effective Date |
|---|---|---|---|
| ☐ | 4/10/2020 | Original Filing - Limited Liability Company (Domestic) (Business Name: Arcon Credit Solutions LLC) | |
| ☐ | 12/14/2020 | Amendment - Limited Liability Company (Domestic) | |
| ☐ | 8/11/2025 | Registered Office and/or Agent - Limited Liability Company (Domestic) | |

© 2026 Office of the Minnesota Secretary of State - **Terms & Conditions**

The Office of the Secretary of State is an equal opportunity employer

✉ **Subscribe for email updates! Vulnerability Disclosure**

APPENDIX 21

# EXHIBIT B

# TERMS OF USE

---

## TERMS & CONDITIONS GOVERNING YOUR USE OF THIS WEBSITE
## LAST UPDATED – FEB 20, 2025

**PLEASE READ THIS TERMS & CONDITIONS AGREEMENT CAREFULLY BEFORE USING THIS WEBSITE.**

Absolute Resolutions Corporation ("ARC," "we," "us") provides this website and website-related services, if any, (collectively, the "Site") subject to your compliance with the terms and conditions set forth in this terms of use /

Resolutions Corporation and its affiliates, successors, and assigns, including but not limited to Absolute Resolutions Investments, LLC, Arcon Credit Solutions LLC, Razor Capital, LLC (collectively "affiliates").

This Agreement governs the relationship between us and you, the Site visitor, with respect to your use of the Site. It is important that you read carefully and understand the terms and conditions of this Agreement. BY USING THE SITE, YOU AGREE TO BE BOUND BY THIS AGREEMENT. If you do not agree to these terms and conditions, you must not use the Site.

We may, at any time, at our sole discretion, revise or otherwise update this Agreement by posting an amended Agreement on the Site; any changes that we make to this Agreement will be effective immediately upon posting. Please check this page periodically for changes to the Agreement; you will be able to determine if this Agreement has been changed since your previous visit by viewing the "Last Updated" information that appears at the top of this Agreement. Your use of the Site following the posting of an updated Agreement constitutes acceptance of the updated Agreement.

APPENDIX 24

liable to you or to any third party for any modification, suspension, discontinuance of the Site or of any Materials (as defined below).

If you have any questions about this Agreement, please contact us at 800-713-0670 or write to us at PO Box 243, Minneapolis, MN 55439.

1. **Account Information.** We make available the information and materials on the Site (the "Materials") to provide information regarding your account(s) and for general informational purposes only. The Materials available on the website may not include or represent all of your outstanding accounts. For more information regarding your accounts, please contact us at 800-713-0670 or write to us at PO Box 243, Minneapolis, MN 55439. The Materials on this Site do not constitute legal advice. You should consult with a lawyer for your own legal advice. In addition, unsolicited emails and information sent to us do not create a relationship with us and may not be considered confidential.

2. **Rules of Conduct.** You agree to comply with all applicable laws, rules and regulations in accessing and/or using the Site and/or any Materials. In addition, your use of the Site is

unlawful purpose.

- Impersonate any person or entity, including, but not limited to, any Site employee, agent or representative; and/or falsely state or otherwise misrepresent your identity or your affiliation with any person or entity; or express or imply that we endorse any statement you make.
- Interfere with or disrupt the operation of the Site.
- Transmit or otherwise make available in connection with the Site any virus, worm, Trojan Horse or other harmful code.
- Restrict or inhibit any other person from using the Site, including by means of hacking or defacing any portion of the Site.
- Interfere with or violate any other Site visitor's or user's right to privacy or other rights, or harvest or collect personally identifiable information about Site visitors or users, or about our attorneys, other employees and representatives identified on the Site, without their express consent.
- Sell, resell, transfer, license or exploit, for any commercial purposes, any use of or access to the Site or the Materials.
- Modify, adapt, translate, reverse engineer, decompile or disassemble any

**3. Absolute Resolutions Corporation's Proprietary Rights.** You acknowledge and agree that the Site and the Materials are, and shall remain, the property of Absolute Resolutions Corporation and/or its licensors and are protected by copyright, trademark and/or other proprietary rights and laws. Except as expressly authorized in advance by us, you agree not to copy, distribute, transmit, display, perform or create derivative works of the Site or any of the Materials, provided that, subject to your compliance with this Agreement, we do grant to you a limited, personal, revocable, non-transferable and non-sub licensable license to (a) access the Site and the Materials via the Internet solely for purposes of viewing such materials and (b) to print out pages of the Site for your personal, non-commercial use.

Trade names, trademarks and service marks of Absolute Resolutions Corporation include "Absolute Resolutions Corporation" and "ARC" and any associated logos. All trade names, trademarks and service marks on the Site that are not owned by us or our affiliates are the property of their respective owners. The trade names, trademarks and service marks owned by Absolute Resolutions Corporation or its affiliates including but not limited to Absolute Resolutions Investments, LLC, and Razor

or in any other manner that is likely to cause confusion or dilution. Nothing on the Site should be construed as granting, by implication, estoppel or otherwise, any right or license to use any of Absolute Resolutions Corporation (or its affiliates') trade names, trademarks or service marks without our (or the relevant affiliate's) prior express written permission.

**4. Electronic Communication Policy**

By providing us with your email address and/or mobile number and opting-in, you give us permission to send you account-related emails and text messages, like payment reminders and notifications, in conjunction with the services you have requested and consistent with our Electronic Communications Policy. **Number of messages will vary by account.**

- **By providing us with your mobile number and opting-in, you agree you have ownership rights or permission to use the number given to us.**
- **By providing us with your email address and opting in, you agree that you have ownership rights or permission to use the email address given to us and can access and view the information via email.**

**message will be sent back to you. You may also contact us at 800-713-0670 or write to PO Box 243, Minneapolis, MN 55439.**

- **To opt-out of email communications, click on the "unsubscribe" link at the bottom of every email communication or simply reply to the email indicating you wish to unsubscribe or have email communications cease. You may also contact us at 800-713-0670 or write to PO Box 243, Minneapolis, MN 55439.**
- **To request support, text HELP to any text message we send you, or email us at info@absoluteresolutions.com.**
- **If your handset does not support MMS, any MMS messages sent may be delivered as SMS messages.**
- **Wireless carriers are not liable for undelivered or delayed messages.**

For more information regarding our Electronic Communications Policy please contact us at 800-713-0670 or write to PO Box 243, Minneapolis, MN 55439.

**5. Credentials.**

You are responsible for maintaining the confidentiality of all account numbers, personal authentication information, and other access credentials used to access the

If you permit third parties to access your account, you do so at your sole risk and we will not be directly or indirectly responsible or liable to you in any manner, for any harms, damages, loss, lost profits, special or consequential damages, or claims, arising out of or in connection with such permission.

**6. No Warranties.**

THE SITE AND SERVICES ARE MADE AVAILABLE TO YOU ON AN "AS IS" AND "AS AVAILABLE" BASIS. WE MAKE NO CLAIMS OR PROMISES ABOUT THE QUALITY, ACCURACY, OR RELIABILITY OF THE SERVICES, ITS SAFETY OR SECURITY, OR THE SERVICES CONTENT. ACCORDINGLY, WE ARE NOT LIABLE TO YOU FOR ANY LOSS OR DAMAGE THAT MIGHT ARISE, FOR EXAMPLE, FROM THE SERVICE'S INOPERABILITY, UNAVAILABILITY OR SECURITY VULNERABILITIES.

WE EXPRESSLY DISCLAIM ALL WARRANTIES, WHETHER EXPRESS OR IMPLIED, INCLUDING IMPLIED WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, AND NON-INFRINGEMENT. SOME JURISDICTIONS MAY PROHIBIT A DISCLAIMER OF WARRANTIES AND YOU MAY HAVE OTHER RIGHTS THAT

This Agreement will be governed by the laws of the State of Minnesota without regard to conflict of law principles. To the extent that any lawsuit or court proceeding is permitted hereunder, you agree to submit to the personal and exclusive jurisdiction of the state and federal courts located in Minnesota for the purpose of litigating all such disputes.



Absolute Resolutions Corporation

(800) 713-0670 – (toll-free)

(800) 877-8339 – (TTY)

PO Box 243, Minneapolis, MN 55439

Terms of Use

Privacy Policy

This is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

🇬🇧 English


CERTIFIED

### VISIT RMAI CONSUMER RESOURCES

**Absolute Resolutions Corporation**

C1311-1005

NMLS ID #: 1678180

**Monica Johnson**

P1807-1288, Year Certified: 2018

Terms of Use

Privacy Policy

This is a communication from a debt collector. This is an attempt to collect a debt. Any

**Visit rmai consumer resources**

**Absolute Resolutions Corporation**

(800) 713-0670 – (toll-free)

(800) 877-8339 – (TTY)

**NEW YORK CITY CONSUMERS**: Currently Absolute Resolutions Corporation only provides communication services in English.  The Glossary of Common Debt Collection Terms and other resources are available in different languages at www.nyc.gov/dcwp.

**NEW YORK CITY CONSUMERS**: Currently Absolute Resolutions Corporation only provides communication services in English.  The Glossary of Common Debt Collection Terms and other resources are available in different languages at www.nyc.gov/dcwp.

APPENDIX 33

# EXHIBIT C

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is made and entered into as of the last date signed below ("Effective Date"), by and between Plaintiff DeJon Paris ("Plaintiff") and Defendant Absolute Resolutions Investments, LLC ("Defendant"), with regard to the matter referenced below. Plaintiff and Defendant may be referred to herein individually as a "Party" and collectively as "the Parties."

**WHEREAS**, Plaintiff filed a lawsuit against Defendant alleging violations of the Fair Debt Collection Practices Act and Regulation F, captioned as *DeJon Paris v. Absolute Resolutions Investments, LLC* Case No. 3:24-mc-00026 in the United States District Court for the Southern District of Texas (the "Lawsuit");

**WHEREAS**, Defendant expressly denies all liability alleged by Plaintiff in the Lawsuit and otherwise;

**WHEREAS**, the Parties wish to resolve the Lawsuit to avoid the burden, expense, and distraction of potentially protracted litigation; and

**NOW, THEREFORE**, in consideration of the foregoing, and of the promises contained herein, the Parties agree as follows:

1. **Consideration.** Defendant shall pay to Plaintiff the total sum of ███ ██████████████████████████████████, the Settlement Payment ("Settlement Payment") to be received within seven (7) days after the Effective Date or within seven (7) days after receipt of the applicable W-9. The Settlement Payment shall be made via check payable to *"DeJon Paris" and sent to DeJon Paris,* ███████████████████████ ██ ███ ███████████████████████████████████████, specifically the Webbank/Jasper account ending in 9362 ████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████

APPENDIX 35

2. **Dismissal of Lawsuit.** Within five (5) business days of receiving the Settlement Payment in full and confirmation that the deletion request has been submitted to each consumer reporting agency, Plaintiff shall cause the Lawsuit to be dismissed against Defendant with prejudice. Plaintiff shall cause all response deadlines and hearings scheduled before the Settlement Payment deadline to be continued until after the Settlement Payment deadline. In the event a default judgment has been entered against Defendant, Plaintiff shall set aside such judgment.

3. **Full Satisfaction.** Plaintiff agrees that the Settlement Payment is in full satisfaction of the Released Claims (as defined herein), and includes all attorney's fees and costs that Plaintiff may have incurred in connection with the Lawsuit.

4. **Plaintiff's General Release of Defendant and Covenant Not to Sue.** Plaintiff, on their behalf and on behalf of their heirs and assigns, hereby releases and discharges Defendant and its respective current and former predecessors, successors, parents, affiliates, subsidiaries, shareholders, franchisees, franchisors, insurers, and all of the aforementioned respective agents, employees, officers, directors, shareholders, attorneys, collection agencies, independent contractors, clients and vendors from all claims of any kind (including all claims for damages, interest, fees and/or attorneys' fees) existing through the Effective Date, arising out of, based upon, or concerning the facts or violations alleged in the Lawsuit (the "Released Claims").

Plaintiff further agrees to not file any claims, complaints, affidavits, arbitrations and/or proceedings with any court, arbitration forum, regulatory or administrative agency ("Proceedings") with respect to the matters released in this Agreement, and any Proceedings filed prior to the execution of this Agreement, if any, shall promptly be dismissed or withdrawn within five (5) business days of receiving the Settlement Payment in full and confirmation that the deletion request has been submitted to each consumer reporting agency. This Agreement is intended to resolve forever the entire disagreement between the Parties relating to the matters in the Lawsuit.

APPENDIX 36

The releases and covenant not to sue set forth in this paragraph shall apply equally to the Parties. , their representatives, agents, independent contractors, employees, officers, shareholders, directors, attorneys, insurers, sureties, guarantors, successors-in-interest, predecessors-in-interest, assigns, parents, subsidiaries, franchisors, franchisees, affiliates and other related entities, corporate or otherwise, all of which are intended as beneficiaries of this Agreement and entitled to enforce it.

5.      **Costs**. The Parties agree that they are responsible for their own attorney's fees, costs, and expenses incurred or to be incurred in connection with the Lawsuit and otherwise, and waive any claim to recover attorney's fees, costs, and/or expenses in connection with the resolution of the Lawsuit.

6.      **No Admission of Liability.**  Each of the Parties understands and agrees that this Agreement, and the settlement provided for herein, is intended to compromise disputed claims and defenses, to avoid litigation and to buy peace, and that this Agreement and the settlement provided for herein shall not be construed or viewed as an admission by any Party of liability or wrongdoing, such liability being expressly denied.  This Agreement, and the settlement provided for herein, shall not be admissible in any lawsuit, administrative action, or any judicial or administrative proceeding if offered to show, demonstrate, evidence or support a contention that any of the Parties acted illegally, improperly, or in breach of law, contract, or proper conduct.

7.      **Confidentiality.**  The Parties agree to keep the terms of this Agreement confidential.  Unless otherwise required by law or court order, neither the Parties nor their counsel or agents shall disclose the terms of this Agreement (including the Settlement Payment) or the fact of the Agreement to any third-party aside from their respective insurers, accountants, attorneys, bankers, financial advisors and parties affected by this Agreement that have a need to know of its terms.  Any such third-party provided with the terms of this Agreement shall be instructed to keep those terms in strictest confidence and not reveal them to any other party.  Plaintiff understands and agrees that this provision includes (but is not limited to) a prohibition against commentary regarding the terms of the Agreement with the Defendant, or the Defendant in general in any way, on the Internet, any social media outlet, any blog, or any other form of electronic media.  The Parties

APPENDIX 37

understand and acknowledge that, but for all of the commitments in this paragraph, no party would have executed this Agreement nor agreed to its terms. Nothing in the Agreement shall, however, be deemed to interfere with each Party's obligation to report transactions with appropriate governmental, taxing, or registering agencies.

8.  **Non-Disparagement.** Plaintiff will not, directly or indirectly, make any negative or disparaging statements against the Defendant maligning, ridiculing, defaming, or otherwise speaking ill of the Defendant, and its business affairs, practices or policies, standards, or reputation (including but not limited to statements or postings harmful to the Defendant's business interests, reputation or good will) in any form (including but not limited to orally, in writing, on any social media, blogs, internet, to the media, persons and entities engaged in radio, television or Internet broadcasting, or to persons and entities that gather or report information on trade and business practices or reliability) that relate to this Agreement and the factual allegations made in the Lawsuit or any matter covered by the release within this Agreement.

9.  **Right to Cure.** In the event a Party alleges that another Party is in default of this Agreement, the alleging party shall send a written notice of default and right to cure to the current attorney of record outlined below for the alleged defaulting Party prior to initiating any civil or other action of any kind against that Party. The Party receiving the notice shall have thirty (30) days from the date of receipt to respond in writing or cure such default. Only if the defaulting party fails to cure within this time period, may the non-defaulting party exercise those remedies granted under applicable law.

Counsel for Defendant Absolute Resolutions Investments, LLC:
Cooper Walker
Frost Echols, LLC
18383 Preston Road, Suite 350
Dallas, TX 75252
Phone: 817-290-4356
Cooper.Walker@FrostEchols.com

APPENDIX 38

Plaintiff:
DeJon Paris
800 FM 518 Rd. 5417
Kemah, TX 77565
Phone: 813-605-9789
Dejon.paris@gmail.com

10.      **Excluded Claims.**  This Agreement does not apply to any separate and continuing contractual or equitable obligations that may currently exist between or among the Parties, if any.

11.      **Agreement Not to be Construed Against the Drafter.**  This Agreement shall be construed as if jointly drafted by all Parties.  Plaintiff and Defendant have contributed substantially and materially to the preparation of this Agreement, and it shall not be construed more strictly against any of the Parties.

12.      **No Reliance Upon Representations.**  In executing this Agreement, the Parties have not seen, heard or relied upon any promises, statements, representations, covenants, or warranties, whether express or implied, made by one another or by any representative or other person or entity, except to the extent that a matter is expressly stated in this Agreement.  In determining and agreeing to the terms and conditions provided in this Agreement, the Parties have taken into consideration not only all known facts, damages and losses, but also the fact that consequences not now known may result from occurrences or events that may have given rise to the claims released in this Agreement. The Parties further recognize that the facts relating to the underlying claims released by this Agreement may turn out to be different from the facts now known or believed to be true by each of the Parties.  Each of the Parties expressly assumes the risk of the facts turning out to be different, and agrees that this Agreement shall not be subject to termination by reason of any different facts.

13.      **Entire Agreement.**  This Agreement constitutes the entire agreement between the Parties and supersedes any prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth in this Agreement.  No representations, warranties, or inducements have been made to any of the Parties concerning this Agreement or its exhibits other than the representations, warranties, and covenants contained in this

COMPROMISED SETTLEMENT RELEASE AND AGREEMENT
2024 12 18 ARC Paris (CSAfinal1)                                                    Page 5 of 9

APPENDIX 39

Agreement. This Agreement may be amended or modified only by a written instrument signed by the Parties, their authorized agents, or their respective successors-in-interest.

14. **Authority to Execute Agreement.** The undersigned represents that they are fully authorized to execute and enter into this Agreement on behalf of the respective persons or entities for whom they have signed it. The Parties warrant that they have read this Agreement, that they have had the opportunity to consult with an attorney, that they have entered into this Agreement voluntarily, and that they intend to be bound by the Agreement.

15. **Binding Effect.** This Agreement shall be binding upon, and inure to the benefit of, the Parties and their respective heirs, personal representatives, devisees, successors in trust, successors and assigns, administrators, officers, directors, shareholders, members, managers, partners, agents, employees, attorneys, insurers, subsidiaries, parent corporations, affiliates, successors in interest, successors through merger or corporate restructure, and successors through a sale of all or substantially all of the assets or business, and anyone else acting on their behalf.

16. **Governing Law.** The terms and conditions of this Agreement shall be construed and enforced in accordance with, and governed by, the laws of the State of Texas without regard to any applicable choice of law or conflicts rules. In the event that any Party fails to comply with any provision of this Agreement, the non-breaching Party(ies) shall be entitled to enforce the Agreement through all available legal means, and the prevailing Party in any such dispute shall be entitled to recover the costs and fees, including reasonable attorneys' fees, incurred as a result of such enforcement. The state and federal courts located in the State of Texas shall be the sole forum for any disputes concerning this Agreement.

17. **Tax Consequences.** Plaintiff agrees that if it is later determined by the Internal Revenue Service or any other taxing body that taxes of any type should have been paid in connection with any benefit they receive pursuant to this Agreement, they will be solely responsible for paying such taxes. Defendant makes no representations or warranties regarding the legal effect or tax consequences of this Agreement, or of any such filing or reporting by Defendant. Plaintiff further expressly acknowledges that they neither

APPENDIX 40

received nor relied upon any tax advice from Defendant or its representatives and attorneys.

18.    **Severability.**  If any provision, term, or clause of this Agreement is declared illegal, unenforceable, or ineffective in a legal forum with competent jurisdiction to do so, this Agreement shall be deemed severable, and all other provisions, terms, and clauses of the Agreement will remain valid and binding on the Parties.

19.    **Counterparts.** This Agreement may be executed in one or more counterparts, any and all of which shall be deemed a binding original, but all of which together shall constitute one and the same instrument, and that each executed counterpart shall be binding on all Parties who sign a counterpart, as if fully executed.  The Parties further agree that a facsimile copy or an electronic (PDF) copy of a signature shall be treated with the same force and effect as an original signature and that executed signature pages may be transmitted via U.S. Mail, electronic mail or facsimile.

**IN WITNESS WHEREOF**, the Parties have executed this Agreement as of the dates below.

APPENDIX 41

Date 1/8/2025

_____ _without recourse_
DeJon Paris
*Plaintiff*

APPENDIX 42

Absolute Resolutions Investments, LLC
*Defendant*

Date _____01/08/2025_____

Jeff Pappas- Assistant General Counsel

By_____

Its _____

APPENDIX 43