IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEJON PARIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-1553-G-BN |
| | § | |
| TRANS UNION LLC, SPRING OAKS | § | |
| CAPITAL LLC, ARCON CREDIT | § | |
| SOLUTIONS LLC, and RADIUS | § | |
| GLOBAL SOLTUIONS LLC, | § | |
| | § | |
| Defendants. | § | |

## SUPPLEMENTAL SCHEDULING ORDER

This case was referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish.

Defendant Arcon Credit Solutions LLC has filed a motion for summary judgment. *See* Dkt. No. 32. As a supplement to the Court's Amended Scheduling Order [Dkt. No. 28], under Federal Rule of Civil Procedure 16(b), the Court enters this amended supplemental scheduling order on summary judgment.

Plaintiff DeJon Paris must file a written response to the motion [Dkt. No. 32] by **July 23, 2026.** The response must be accompanied by or incorporate a brief, and the response and the brief must not together exceed 30 pages in length, excluding any table of contents and table of authorities. *See* N.D. TEX. L. CIV. R. 56.5(b) (as modified).

The responding parties' brief must discuss whether the responding parties

agrees with the moving parties' identification of the live pleadings for each party who has appeared in the action and, if not, why not. Any affidavits, depositions, written discovery materials, or other summary judgment evidence must be included in a separate appendix. The appendix must be numbered sequentially from the first page through the last and include an index of all documents contained therein. An envelope that contains a non-documentary or oversized exhibit must be numbered as if it were a single page. *See* N.D. TEX. L. CIV. R. 56.6(b). The responding parties must (1) bracket in the margin of each document in the appendix or (2) place a text box around or (3) otherwise highlight the portions of the document on which the respondents rely, and, when citing materials in the record, the responding parties must support each assertion by citing each relevant page of its own or another party's appendix.

Additionally, except to the extent any requirement is modified herein, the response and brief must comply with the requirements of Local Civil Rules 56.4(a)-(c), 56.5(a), 56.5(c), and 56.6(a)-(b).

A motion for continuance under Federal Rule of Civil Procedure 56(d) must be filed separately and may not be included in the response to the motion for summary judgment, brief in support thereof, or any other document.

Arcon may file a reply brief, but no additional evidence by **August 7, 2026**. The reply must not exceed 15 pages in length. *See* N.D. TEX. L. CIV. R. 56.5(b) (as modified).

No supplemental pleadings, briefs, or summary judgment evidence or other documents may be filed in connection with the motion for summary judgment or

response thereto without leave of court. *See* N.D. TEX. L. CIV. R. 56.7.

"A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." FED. R. CIV. P. 56(c)(2). "There is no need to make a separate motion to strike." FED. R. CIV. P. 56 advisory committee's note to 2010 amendments; *accord Adams v. Untied Assoc. of Journeymen & Apprentices of the Plumbing and Pipefitting Indus. of the U.S. & Canada, AFL-CIO, Local 198*, Civ. A. No. 98-400-JWD-RLB, 2020 WL 1856191, at * (M.D. La. Apr. 13, 2020) ("For approximately the past nine years, recommended federal practices have entailed considering objections to evidence offered in support of or in opposition to motions for summary judgment in conjunction with the actual motion for summary judgment as opposed to a separate motion to strike, similar to the practice of objecting to evidentiary offerings at trial.").

The Court will not consider a separate motion to strike evidence, fact statements, or briefing offered in support of or in opposition to summary judgment. The Court will summarily deny without prejudice any motion to strike filed in violation of these directions.

The parties instead must include any objections to evidence, fact statements, or briefing offered in support of or in opposition to a motion for summary judgment within their briefs (including reply briefs) in support of or in opposition to a motion for summary judgment. If a party includes objections in a response in opposition to a motion for summary judgment, any response to the objections must be included in the reply brief in support of the motion for summary judgment, and no reply in

support of the objections is permitted. If a party includes objections in a reply brief in support of a motion for summary judgment, any response to the objections must be made in a separate brief that does not exceed 10 pages in length, excluding any table of contents and table of authorities, and that must be filed by no later than 14 days after the date of filing of the reply brief in support of a motion for summary judgment, and no reply in support of the objections is permitted.

The deadlines set forth in this order will not be modified except on written motion for good cause shown. *See* FED. R. CIV. P. 16(b). Further, the Court strongly discourages any request to extend either of these deadlines through a motion that is filed within three business days of the existing deadline and will grant any such motion only on a showing in the written motion of extraordinary circumstances.

The Court intends to rule on the motion based on the parties' written submissions, without hearing oral argument. *See* N.D. TEX. L. CIV. R. 7.1(g) ("Unless otherwise directed by the presiding judge, oral argument on a motion will not be held."). But the Court, in its discretion or on the request of any party, may schedule oral argument prior to ruling on the motion. Any party who desires oral argument must file a written request with the Court by **August 7, 2026**.

With regard to possible oral argument, the undersigned notes a trend today in which fewer cases go to trial and in which there are generally fewer speaking or "stand-up" opportunities in court, particularly for junior lawyers (that is, lawyers practicing for less than seven years). The undersigned strongly encourages litigants to be mindful of opportunities for junior lawyers to conduct hearings or oral argument

before the Court, particularly hearings or oral arguments as to which the junior lawyer drafted or contributed significantly to the underlying motion or response. In those instances in which the undersigned is inclined to rule on the papers, a representation that the oral argument would be handled by a junior lawyer – or by a lawyer who has more than seven years in practice but who has had less than five speaking appearances in any federal court – will weigh in favor of holding oral argument. The undersigned understands that there may be circumstances in which having a junior lawyer handle a hearing or oral argument might not be appropriate – such as where no junior lawyers were involved in drafting the motion or response or where the motion might be dispositive in a "bet-the-company" type case. Even so, the undersigned believes it is crucial to provide substantive speaking opportunities to junior or other less experienced lawyers and that the benefits of doing so will accrue to junior lawyers, to clients, and to the profession generally. Thus, the undersigned encourages all lawyers practicing before the Court to keep this goal in mind.

Additionally, the undersigned permits a party's or parties' lawyers' splitting an oral argument and encourages, in appropriate cases, doing so with a more junior attorney who may have spent the most hours on the briefing.

If, while the motion is pending, the parties are having serious discussions that might make it unnecessary for the Court to rule on the motion, the parties must immediately advise Shakira Todd, at (214) 753-2165, that such discussions are ongoing. Similarly, any questions concerning the requirements of this order may be directed to Ms. Todd. But attorneys and parties should not contact Ms. Todd or the

Court's chambers to ask when a ruling on a motion can be expected. And questions concerning electronic filing procedures should be directed to the ECF Help Desk at (866) 243-2866.

Please note that deadlines in this order are for filing or delivery and are not mailing dates.

The failure to comply with any part of this order may result in the imposition of sanctions, s*ee* FED. R. CIV. P. 16(f), and may lead to dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Finally, because Paris is proceeding *pro se*, the Court sets out the following legal standards:

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625

(5th Cir. 1998). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)).

The Court is required to consider all evidence and view all facts and draw all

reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted). And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (internal quotation marks and footnote omitted)). "[W]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal quotation marks omitted).

Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e).

And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott*, 550 U.S. at 380 (internal quotation marks and emphasis omitted). And, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005) (footnote and

internal quotation marks omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott*, 550 U.S. at 380 (internal quotation marks omitted).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a

matter of law. *See, e.g., Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003).

And, on such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

"[T]he traditional leniency afforded to a *pro se* plaintiff does not excuse [her or him] from [the] burden of opposing summary judgment through the use of competent summary judgment evidence." *Malcolm v. Vicksburg Warren Sch. Dist. Bd. of Trs.*, 709 F. App'x 243, 246 (5th Cir. 2017) (per curiam) (citing *Davis v. Fernandez*, 798 F.3d 290, 293 (5th Cir. 2015) ("[T]his is not to say that pro se plaintiffs don't have to submit competent evidence to avoid summary judgment, because they do.")). And, "[a]lthough courts should advise *pro se* [parties] of procedural rules," *Brown v. Megg*, 857 F.3d 287, 289 n.1 (5th Cir. 2017) (citing *Davis*, 798 F.3d at 293-94), the United States Court of Appeals for the Fifth Circuit "has held that they need not be given additional notice of the consequences of a summary judgment motion and the right to submit opposing affidavits as the notice given by Rule 56 and the local rules suffices," *id.* (citing *Martin v. Harrison Cnty. Jail*, 975 F.2d 192, 193 (5th Cir. 1992)); *see also Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) ("[T]here is a point at which even *pro se* litigants must become responsible for the prosecution of their own cases if their claims are to warrant the court's attention. It is not unjustifiably onerous to require *pro se* parties to respond to proper motions for summary judgment. All summary judgment nonmovants shoulder the same

obligation. District courts can make appropriate allowances for *pro se* responses that may be somewhat less-artfully written than those of represented parties. This can be accomplished, however, without excusing them from the most basic requirement that they file a response.").

That said, the verified complaint and sworn interrogatory answers of a *pro se* litigant can be considered as summary judgment evidence to the extent such pleadings comport with the requirements of Rule 56(e). *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994); *accord Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003) ("On summary judgment, factual allegations set forth in a verified complaint may be treated the same as when they are contained in an affidavit.").

And, out of an abundance of caution, the Court further sets out Rule 56 in full:

**(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

**(b) Time to File a Motion.** Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

**(c) Procedures.**

　**(1)** *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

　　**(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

　　**(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

**(2)** *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

**(3)** *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.

**(4)** *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

**(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

    **(1)** defer considering the motion or deny it;

    **(2)** allow time to obtain affidavits or declarations or to take discovery; or

    **(3)** issue any other appropriate order.

**(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

    **(1)** give an opportunity to properly support or address the fact;

    **(2)** consider the fact undisputed for purposes of the motion;

    **(3)** grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or

    **(4)** issue any other appropriate order.

**(f) Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:

    **(1)** grant summary judgment for a nonmovant;

    **(2)** grant the motion on grounds not raised by a party; or

    **(3)** consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

**(g) Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact – including an item of damages or other relief – that is not genuinely in dispute and treating the fact as established in the case.

**(h) Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court – after notice and a reasonable time to respond – may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

SO ORDERED.

DATE: June 24, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE