IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEJON T. PARIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-1553-G-BN |
| | § | |
| TRANS UNION LLC, SPRING OAKS | § | |
| CAPITAL LLC, ARCON CREDIT | § | |
| SOLUTIONS LLC, and RADIUS | § | |
| GLOBAL SOLTUIONS LLC, | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This case was referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish.

Defendant Arcon Credit Solutions LLC filed a motion for summary judgment. *See* Dkt. No. 32.

And Plaintiff DeJon T. Paris filed a motion for a continuance of summary judgment under Federal Rule of Civil Procedure 56(d). *See* Dkt. No. 39.

### Legal Standards

Rule 56(d) provides that the Court may defer a motion for summary judgment or allow time for a nonmovant to obtain affidavits or declaration or to take discovery if the nonmovant "shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition," FED. R. CIV. P. 56(d), and is "designed to safeguard against a premature or improvident grant of summary judgment."

*Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990); *see also Bailey v. KS Mgmt. Servs., L.L.C.*, 35 F.4th 397, 401 (5th Cir. 2022) ("Summary judgment is appropriate only where 'the plaintiff has had a full opportunity to conduct discovery.' And Rule 56(d) permits 'further discovery to safeguard non-moving parties from summary judgment that they cannot adequately oppose.'" (citations omitted)).

"To win relief, the Rule 56(d) movant must make two showings. [He] must first show (A) that 'additional discovery will create a genuine issue of material fact.' Then [he] must show (B) that [he] 'diligently pursued discovery.'" *Bailey*, 35 F.4th at 401 (quoting *Jacked Up, L.L.C. v. Sara Lee Corp.*, 854 F.3d 797, 816 (5th Cir. 2017)).

As to the first requirement,

[i]t's not enough to "simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." Instead, [the movant] "must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion."

*January v. City of Huntsville*, 74 F.4th 646, 651 (5th Cir. 2023) (citations omitted).

And, as another judge in this district has explained,

Rule 56(d) offers relief where the nonmovant has not had a full opportunity to conduct – not to complete – discovery. The two concepts are distinct. *See McCarty v. United States*, 929 F.2d 1085, 1088 (5th Cir. 1991) (per curiam) (citing *Washington*, 901 F.2d at 1285 (5th Cir. 1990)) (rejecting nonmovant's contention that district court abused its discretion by failing to permit him to complete discovery before granting summary judgment, and holding that "Rule 56(d) does not require that discovery take place before granting summary judgment").

*United States ex rel. Johnson v. Raytheon Co.*, 563 F. Supp. 3d 599, 621 (N.D. Tex. 2021).

### Analysis

The Court entered a scheduling order in this case setting the discovery deadline as December 11, 2026 and the dispositive motions deadline as January 29, 2027. *See* Dkt. No. 28.

Arcon filed its motion for summary judgment on June 23, 2026. *See* Dkt. No. 32. Paris filed his Rule 56(d) motion for continuance – which incorporates a sworn declaration – on June 25, 2026. *See* Dkt. No. 39 at 4.

Paris asks the Court to either deny the motion for summary judgment without prejudice as premature or, in the alternative, to stay briefing and defer ruling on the motion for summary judgment until Arcon fully answers Paris's first set of discovery requests. *See id.*

Arcon's motion for summary judgment argues that Paris's claims are barred by a settlement agreement in a prior lawsuit between Paris and Absolute Resolutions Investments LLC ("ARI") because the agreement bars related future claims ARI's affiliates. *See* Dkt. No. 33 at 11-14. In so arguing, Arcon relies on the unsworn declaration of Jefferson Pappas to show that Arcon and ARI are affiliates. *See id.* at 13 (citing Dkt. No. 34 at 13). This is the only citation to Mr. Pappas's declaration in Arcon's motion for summary judgment.

Arcon's also argues in its motion for summary judgment that Paris's Fair Credit Reporting Act ("FCRA") claim fails because "the existence of a dispute concerning ownership does not eliminate a permissible purpose [for obtaining a consumer report] under the FCRA." Dkt. No. 33 at 15. And Arcon contends that the

Fair Debt Collection Practices Act ("FDCPA") claim fails because "nothing in [that statute] requires a debt collector to possess or provide documents establishing a complete chain of title before in engaging in collection activity." *Id.* at 18.

Paris contends that he has requested "the raw electronic server transmission logs, the digital bill of sale, and the exact date-stamped assignment schedule from the original creditor." Dkt. No. 39 at 3. He argues that this discovery is "essential" to rebut Mr. Pappas's declaration because "[i]f those digital records reveal Arcon did not acquire the portfolio containing [his] name until *after* May 13, 2024 [the date Arcon obtained the report], their 'permissible purpose' defense dissolves instantly." *Id.*

The Court finds this explanation inadequate to show that the requested discovery would create a genuine issue of material fact. Paris's motion does not explain why the transmission logs, bill of sale, or assignment scheduling would create a genuine dispute as to Arcon's affiliation with ARI or legal obligations under the FCRA or FDCPA. *See Mendez v. Poitevent*, 823 F.3d 326, 337 (5th Cir. 2016) (denying plaintiffs' Rule 56(d) motion where plaintiff "did not identify specific facts that would alter the district court's analysis" of summary judgment and did not demonstrate "how the additional discovery [would] likely create a genuine issue of material fact" (quoting *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 535 (5th Cir. 1999))).

Arcon also points out in its response that, on July 10, 2026, Arcon submitted responses to Paris's discovery requests. *See* Dkt. No. 42 at 1. In his reply, Paris argues that the responses were insufficient and that the "discovery record remains unsettled." Dkt. No. 45 at 3.

But, as set out above, Rule 56(d) does not require that discovery be complete before summary judgment. Rather, the Rule requires the movant to show that the requested discovery would raise a genuine dispute of material fact on summary judgment, whether or not discovery would be complete if the materials were provided. Paris has failed to make the required showing, and, so, his motion should be denied.

## Conclusion

The Court DENIES Plaintiff DeJon T. Paris's Opposed Rule 56(d) Motion for a Continuance of Summary Judgment [Dkt. No. 39].

The deadlines set out in the Court's Supplemental Scheduling Order [Dkt. No. 36] remain in effect.

SO ORDERED.

DATE: July 22, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE